## (January 27, 1964)

■ LAWRENCE CIAFFONE, Respondent, v. MANHATTANTOWN, INC., et al., Respondents. STEVE PAPPAS, Third-Party Plaintiff-Respondent, v. CONTINENTAL INSURANCE COMPANY, Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injury, the third-party defendant, Continental Insurance Company, appeals from so much of an order of the Supreme Court, Kings County, dated September 23, 1963, as made the following disposition of its motion for omnibus relief: (1) Denied its motion to examine before trial the defendant Webb & Knapp Construction

Corporation (hereafter referred to as the Webb corporation) with respect to all issues of the main and cross actions; (2) Denied its motion for discovery, inspection and copying of: (a) all records of said defendant, Webb corporation, including daily reports showing work on Building No. 5 and the area to the south thereof on the workday April 5, 1961; (b) all bills submitted by defendant Civetta Excavating, Inc., for work done by Steve Pappas at Building No. 5 on April 5, 1961; (c) all contracts between defendant Webb corporation and defendant Civetta under which the work was done by Civetta on April 5, 1961; (d) all bills presented by Richard Sullivan Co. for trucking and dumping services, for periods including the workday April 5, 1961; all correspondence relating thereto and all tickets, slips, chits and other records relating to such dumping services; and all records of payments of such bills; and (e) all accident reports of the defendant Webb corporation relating to the accident on April 5, 1961; (3) Denied its motion for discovery, inspection and copying of accident reports of Civetta, and for further examination before trial of Civetta with respect to such matters disclosed in said accident reports as are relevant to the issues of the main action, cross action and third-party action; and (4) Denied its motion for a stay of the cross action and the third-party action until completion of the pretrial disclosure applied for. Order modified as follows: (1) by amending subparagraph (d) of its second decretal paragraph so as to add the following words: " and all correspondence relating thereto and all tickets, slips, chits and other records relating to such dumping services; and all records of payments of such bills; " (2) by striking out its fourth decretal paragraph and by substituting therefor a provision granting the third-party defendant's motion to the extent of directing Webb & Knapp Construction Corporation to produce, insofar as the same are material and relevant to the third-party action, all records including daily reports showing work on Building No. 5 and the area to the south thereof on the workday April 5, 1961, and all bills submitted by Civetta Excavating, Inc., for work done by Steve Pappas at Building No. 5 on April 5, 1961; (3) by adding a new decretal paragraph directing Civetta Excavating, Inc., to produce for discovery, inspection and copying any statements furnished by Pappas to Civetta or its insurance carrier, and permitting further examination before trial of Civetta with respect to matters disclosed in said statements insofar as material and necessary to issues in the third-party action; and (4) by adding a new decretal paragraph granting the motion to stay the trial of the third-party action until the completion of pretrial disclosures. As so modified, order, insofar as appealed from, affirmed, without costs. The pretrial examinations and the discovery, inspection and copying of the records, statements, etc., directed by the order as modified, shall proceed on 10 days' written notice or at such times and places as the parties may mutually stipulate in writing. In our opinion, the third-party defendant may examine defendant Webb corporation only on those matters which are material and necessary to the third-party action. In this connection, however, the third-party defendant is entitled to have such corporation produce: (a) all records including daily reports showing work on Building No. 5 and the area to the south thereof on April 5, 1961; and (b) all bills submitted by Civetta for work done by Pappas on said date, insofar as the same may be material and necessary to issues in the third-party action (CPLR 3111, 3120). Similarly, it is our opinion that the third-party defendant is entitled to the production of all correspondence, etc., relating to the trucking and dumping services of April 5, 1961. We further conclude that the Webb corporation need not produce any reports made by its employees with respect to the accident suffered by the plaintiff

(*Briant* v. *New York City Tr. Auth.*, 7 A D 2d 756; *Carlson* v. *Long Is. R.R.*, 6 A D 2d 821). However, under the circumstances herein, the third-party defendant is entitled to any statements furnished by Pappas to Civetta insofar as such statements are material and necessary to issues in the third-party action (see *Ciaffone* v. *Manhattantown, Inc.*, 20 A D 2d 666). The third-party action should be stayed until completion of the pretrial discovery procedures here granted. While certain branches of this omnibus motion were denied "without prejudice to a renewal," an appeal from such denial may nevertheless be entertained (*Winn* v. *Warren Lbr. Co.*, 11 A D 2d 713). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.