█ In the Matter of JOSEPH STOKAR.— Application for admission to the Bar denied. The applicant has failed to satisfy this court that he possesses the character and general fitness requisite for an attorney and counselor at law (Judiciary Law § 90, subd. 1, par. a). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

█ In the Matter of HARVEY B. FRIEDLANDER.— Motion by applicant for reconsideration of his application for admission to the Bar, denied. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

█ MARCIA GUTTENTAG, Appellant, v. DAVID GUTTENTAG, Respondent.— Motion by respondent to dismiss appeal from order denying "without prejudice to renewal" appellant's motion for counsel fees, on the ground that such an order is not appealable. Motion denied (see *Winn* v. *Warren Lbr. Co.*, 11 A D 2d 713). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

## (December 14, 1964)

█ WILLIAM J. BUDRIS, Respondent, v. ROSE RABINOWITZ et al., Appellants.— In a negligence action to recover damages for personal injury, the defendants appeal from an order of the Supreme Court, Queens County, made February 20, 1964 after a jury trial, which granted plaintiff's motion and which set aside the jury's verdict in the defendants' favor and directed a new trial. Order reversed, without costs; plaintiff's motion denied; verdict for defendants reinstated; and judgment directed to be entered accordingly, dismissing the complaint. The collision between the automobiles of the parties occurred in an uncontrolled intersection. The jury found both parties negligent, but the court set aside the verdict and directed a new trial on the ground that the female defendant's version of the event was impossible "as a matter of physical science". In negligence cases, however, the rule, with rare exceptions, is that defendant's negligence does not foreclose the possibility that plaintiff was also negligent (*Coon* v. *Hughes*, 2 A D 2d 789). The facts of this case do not justify its claissification as one of the exceptions. Nor is it plain that the jury here could not have reached the conclusion it did upon any fair interpretation of the evidence. It follows that the verdict for the defendants should not have been set aside (*Smith* v. *McIntyre*, 20 A D 2d 711 and cases there cited). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.