In the Matter of LOUIS D. KROUNER, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Per Curiam. In a proceeding under section 608 of the Insurance Law for leave to file a late affidavit or notice of intention to make a claim against the Motor Vehicle Accident Indemnification Corporation, the corporation appeals from an order of the Supreme Court, Albany County, which directed acceptance and filing of the respondent's claim (44 Misc 2d 99). On March 1, 1963, the respondent was a passenger in an automobile which was in collision with another automobile, the operator of which, as a subsequent investigation disclosed, gave a fictitious name. Following the investigation and on May 24, 1963, the respondent commenced an action against the owner of the latter automobile. His

complaint stated that the owner's automobile was being operated by another with the owner's consent. The answer to the respondent's complaint served on July 15, 1963, denied the allegation of permission. On October 15, 1963, a motion was made by the defendant owner to examine as a witness the owner of the automobile in which the respondent had been a passenger. An affidavit in support of the motion and made by one of the defendant owner's attorneys stated that the owner had "authorized no one to use his vehicle on the day of the alleged accident and in fact had no knowledge of the accident as alleged in the complaint". About May 15, 1964, the defendant owner was examined before trial by the respondent and testified that he had no knowledge of an accident and that his automobile apparently had been stolen. Within 10 days thereafter the respondent filed a claim with the corporation. Although the respondent's motion was "for leave to file a claim" the respondent now contends that the claim which the court directed the corporation to "accept and file" was in fact timely filed under the provisions of subdivision (c) of section 608 of the Insurance Law which permits the filing of an affidavit within 10 days of receipt of notice of "disclaimer or denial of coverage". It seems to be the respondent's contention that the owner's testimony on examination before trial as to lack of permission and probable theft constituted a disclaimer. The court was clearly correct in stating that there had been "no disclaimer of liability or denial of coverage by the insurance carrier within the meaning of subdivision (c) of section 608". Subdivision (c) of section 608 requires as a condition to filing that "the insurer or insurers of the person or persons liable or alleged to be liable for his injury or loss have disclaimed liability or denied coverage because of *some act or omission* of the person or persons liable or alleged to be liable" [emphasis supplied]. "As used in the MVAIC Law, the term 'disclaimer or denial of liability' means a repudiation of liability 'because of some act or omission of the person or persons liable or alleged to liable' (MVAIC Law, § 608, subd. [c]). This refers to an act or omission by the insured automobile owner in his relationship to his insurance company, constituting a breach of the conditions of the policy (cf. MVAIC Law, § 620)." (*McCarthy* v. *MVAIC*, 16 A D 2d 35, 40, affd. 12 N Y 2d 922.) The court, however, was incorrect in granting the motion on the ground that it would be "unconscionable to penalize a claimant for not having done the impossible, to wit, file a claim before he knew, or could possibly have found out it was due" and in entertaining the motion made more than one year after the date of the accident. The record fails to disclose that the respondent "[was] an infant or [was] mentally or physically incapacitated or [was] deceased, and by reason of such disability or death * * * [was] prevented from filing the affidavit". (Insurance Law, § 608.) A court is without discretion to allow late filing for any reasons other than those stated in the statute (*Matter of Rosante* v. *MVAIC*, 15 A D 2d 825; *Grys* v. *MVAIC*, 14 A D 2d 821). Moreover section 608 of the Insurance Law required application to the court for leave to be made within one year (120 days prior to September 1, 1963) from the accrual of the cause of action. Here the application was made more than one year after accrual and hence the court lacked power to grant the relief requested (*Matter of Rivera* v. *MVAIC*, 21 A D 2d 775; *Matter of Glaudel* v. *MVAIC*, 17 A D 2d 828). Order reversed and application denied, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.