In the Matter of LAMARR MALLORY et al., Respondents, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, April 27, 1965.

*James F. Carroll* of counsel (*Carroll & Spencer,* attorneys), for appellant.

*Arnold W. Arnold* for respondents.

*Per Curiam.* Appellant, the Motor Vehicle Accident Indemnification Corporation, challenges the timeliness of the underlying notices of claim.

The accident occurred June 25, 1963. Petitioners were passengers in a taxicab owned by Bara Taxi Corp. (Bara). The cab was in collision with a motor vehicle owned by Metro Auto Rental, Inc. (Metro). Petitioners instituted suit against Metro and Bara. Metro interposed an answer dated May 13, 1964 admitting ownership but denying operation and control. By letter dated May 28, 1964 Metro's attorney notified petitioners' counsel that its vehicle had been stolen and at the time of the accident was being operated by a thief; that the theft had been reported to the police. Petitioners on June 2, 1964, 23 days before the expiration of one year from the time of the accident, filed with appellant a notice of intention to make claim. Said notice was supplemented on June 18, 1964 by separate claims in behalf of petitioners. Appellant rejected the claims on July 2, 1964 for failure to file timely notices of claim. Petitioners applied to Special Term for an order permitting them to bring an action against appellant. The application was granted to the extent of ordering a trial of the issue as to whether Metro's motor vehicle was stolen.

Appellant concedes for the purpose of this appeal that petitioners are qualified persons within the meaning of subdivision b of section 601 of the Insurance Law. The sole issue is as to timeliness, which is governed by section 608 of the Insurance Law. A notice of claim is required to be filed within 90 days of the occurrence unless as provided by subdivision c of said section an insurer disclaims liability because of some act or omission of the person or persons liable, in which event an affidavit may be filed within 10 days of the receipt of notice of disclaimer. Here, it does not appear that the insurer of the motor vehicle owned by Metro has disclaimed liability because of some act or omission of the person or persons liable nor does it appear that the disclaimer is grounded on an act or omission on the part of the insured. *Matter of Krouner* v. *MVAIC* (23 A D 2d 711) is to the same effect.

Involved is simply a denial of liability grounded on absence of operation and control at the time of the occurrence for the reason that the vehicle was then possessed and operated by a thief. Concededly the notices relied on by petitioners were

served more than 90 days after the occurrence. Hence, the notices are untimely.

The order should be reversed, on the law and on the facts, with costs and disbursements to respondent-appellant, and the petition dismissed.

BOTEIN, P. J., BREITEL, McNALLY, STEVENS and EAGER, JJ., concur.

Order, entered on October 29, 1964, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to respondent-appellant, and the motion denied and petition dismissed.