## (November 8, 1971)

■ Vincent Allegretti, Appellant, v. Anthony Mancuso, Doing Business as Bay Parkway Service Station, et al., Defendants. Motor Vehicle Accident Indemnification Corporation, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, dated June 8, 1970, which denied his motion to compel respondent to appear in the action on behalf of defendant Cappiello. Order affirmed, without costs. We are in sympathy with the result reached in the dissenting memorandum by Mr. Justice Gulotta, but, as Judge Breitel noted with respect to a different provision of the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A), "the impulse to read the statute liberally and to effect its purpose must be limited by the language used. In statutory construction, purpose may permit a broad and even an unusually broad rendering of the statutory language. But purpose cannot be a warrant to go beyond the language used" (*Matter of Smith [Great Amer. Ins. Co.]*, 29 N Y 2d 116, 120). Thus, even looking at the statutory authorization for the late filing of a notice of claim with MVAIC with a most favorable eye, we can find no basis upon which the late filing in this case can be sustained. Section 608 (subd. [c], par. [2]) of the Insurance Law permits a notice of claim to be filed within 10 days after a disclaimer where the disclaimer was "because of some act or omission of the person or persons liable", but here the repudiation of coverage by the insurer was not predicated upon any act or omission on the part of the person or persons liable (see *Matter of Mallory* v. *MVAIC*, 23 A D 2d 101; *Matter of Krouner* v. *MVAIC*, 23 A D 2d 711) but solely by reason of the lack of any authorization on the part of the driver of the automobile to operate it. The undesirable result here stems from the failure of the Legislature to accomplish its stated purpose (Insurance Law, § 600) of securing recompense for innocent victims of motor vehicle accidents. Plaintiff had no way of ascertaining the insurer's position in time to file a notice of claim with MVAIC within the 90-day time limit set forth in subdivision (a) of section 608 of the Insurance Law. Unfortunately, the 1969 amendment to section 608 (L. 1969, ch. 585, eff. Sept. 1, 1969), which remedied the situation by permitting late filing of a notice of claim if the delay can be reasonably explained, took effect too late to be of assistance to plaintiff. Munder, Acting P. J., Shapiro and Brennan, JJ., concur; Gulotta, J., dissents and votes to reverse the order and grant the motion, with the following memorandum, in which Benjamin, J., concurs: This case presents the question of whether the court by judicial construction should defeat a claim against MVAIC by the blameless victim of an accident caused by an uninsured vehicle, where such a result is not mandated by the language of the controlling statute. Plaintiff is such a person. He was a passenger in a tow truck owned by the defendant Mancuso and driven by Mancuso's employee, defendant Cappiello, on April 5, 1964, when he was thrown from the truck and severely injured. It was not until May 23, 1966, more than two years after the accident, that Mancuso's insurance carrier, Nationwide Mutual Insurance Com-

pany, by letter disclaimed liability on the ground that Cappiello had been driving without permission of the owner at the time of this accident. Four days later plaintiff filed a notice of claim against MVAIC. Section 608 of the Insurance Law provides in subdivision (a) that a claim against MVAIC by a "qualified person" must be filed within 90 days after the accident. However, paragraph (2) of subdivision (c) provides that, where "the insurer or insurers of the person or persons liable or alleged to be liable for his injury or loss have disclaimed liability or denied coverage because of some act or omission of the person or persons liable or alleged to be liable", an affidavit of claim shall be filed within 10 days after receipt of notice of such disclaimer or denial of coverage. Although this literally describes the act of Cappiello (a person alleged to be liable) in driving the truck without authority, it is proposed to limit this statutory language to an act of the named assured committed after the accident, e.g., his failure to co-operate or the like, and to require adherence to the 90-day time limit of subdivision (a) where the denial of coverage is based upon the act of a person other than the named assured. I can discern no fairness or logic in such an approach. It is evident that the Legislature recognized the injustice of requiring a claimant to do the impossible (i.e., file a claim before he knows or could know it is required) and sought to alleviate the hardship by creating a short time limit from the new event. Obviously the need is the same whatever be the reason for disclaimer or denial of coverage. In a somewhat analogous situation (i.e., where the car was stolen), the Third Department in *Matter of Krouner* v. *MVAIC* (23 A D 2d 711) has taken this restricted view of subdivision (c) of section 608, citing *McCarthy* v. *MVAIC* (16 A D 2d 35, affd. 12 N Y 2d 922 [a Fourth Dept. case]). However, *McCarthy* is not quite in point, as it involved a criminal assault committed by deliberate driving of a car at the victim. The holding in *McCarthy* was merely that such intentional assault is not an accident, within the coverage of a standard automobile liability policy; that the MVAIC law was intended to afford the same protection to a person injured by an uninsured automobile as he would have had if injured by an insured automobile, and the MVAIC indorsement therefore provided only for coverage of injuries "caused by accident"; and that an intentional assault, not being an "accident", consequently was not within the coverage of the MVAIC indorsement. That being the holding in *McCarthy*, I do not believe it supports or in any way justifies the restricted construction of subdivision (c) of section 608 contained in *Krouner*, or in *Matter of Mallory* v. *MVAIC* (23 A D 2d 101), which followed *Krouner* without discussion of the point. In my view the holding in *Krouner* frustrates the very purpose of the MVAIC law, which was designed to close all gaps in the 1956 Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6) by protecting all innocent victims of accidents caused by uninsured cars, no matter what the cause of the lack of insurance (see Insurance Law, § 600). I therefore am not inclined to follow *Krouner* or to defeat plaintiff's claim on the restricted construction of the statute therein adopted. It is true that in *Matter of Jones* v. *MVAIC* (19 N Y 2d 132) the Court of Appeals reluctantly decided that a claimant who had missed the 90-day time limit, because he had been misinformed by the defendant and the Motor Vehicle Bureau as to the existence of a valid insurance policy, nevertheless was bound by it. The court recognized the unfairness of penalizing a claimant for such a reason, but felt bound by the explicit language of subdivision (a) of section 608. There was, of course, no basis for invoking subdivision (c) because it was not a case of disclaimer. Here we have that opportunity and I think we should embrace it. For these reasons I dissent from affirmance of the order which upheld MVAIC's refusal to entertain the claim against the employee solely because the claim was not timely filed.