■ JAMES SHERMAN, an Infant, by His Mother, MARILYN SHERMAN, et al., Respondents, v THOMAS MORALES et al., Defendants. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Appeal from an order of the Supreme Court at Special Term (Charles R. Rubin, J.), entered August 9, 1974, in Kings County, which denied, without prejudice to a renewal thereof, the motion by respondents to implead Motor Vehicle Accident Indemnification Corporation as a party defendant. Memorandum. In a negligence action to recover damages for personal injuries, etc., the Motor Vehicle Accident Indemnification Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated September 9, 1974, as, upon denying plaintiffs' motion to implead it as a party defendant, did so without prejudice to renewal of the motion under certain circumstances. Order reversed insofar as appealed from, thus deleting from the decretal paragraph thereof all language following the word "denied", without costs. We agree with the views expressed in the dissenting opinion that the order under review is appealable and that the statute in question (Insurance Law, § 608) should be amended to avoid the unjust result fostered herein by the decision of this court in *Allegretti v Mancuso* (37 AD2d 964, affd 33 NY2d 882). However, we are unable to find any valid distinction between the present case and *Allegretti (supra)* and hence the order must be reversed insofar as appealed from, thus deleting the permission therein given to plaintiffs to renew their motion after trial. Gulotta, P. J. (dissenting). Two issues are presented on this appeal. The first is whether an order which denied the plaintiffs' motion to implead the Motor Vehicle Accident Indemnification Corporation (MVAIC) without prejudice to renewal after trial sufficiently aggrieves MVAIC so as to entitle it to an appeal as of right. The second and substantive question is whether the plaintiffs are barred by the provisions of subdivision (c) of section 608 of the Insurance Law from impleading MVAIC. On September 4, 1972 the infant plaintiff, while riding as a passenger in an automobile owned by defendant United Medical Service, Inc. (UMS) and operated by its employee, defendant Thomas Morales, sustained personal injuries when Morales lost control of the vehicle and it overturned on Hylan Boulevard in Staten Island. This action in negligence to recover for the infant's personal injuries and for his mother's loss of services was commenced in the latter part of 1972. On March 30, 1973 the defendants served their answer which generally denied the allegations of the complaint, including the paragraph which alleged that Morales was authorized to operate the UMS vehicle at the time of the accident. In April, 1973, shortly after receipt of the defendants' answer, the plaintiffs moved to implead MVAIC as a party defendant, based on the denial that Morales had authority to drive the vehicle at the time in question. MVAIC successfully opposed that application on the ground that disavowal of permissive use was not tantamount to a disclaimer of liability as contemplated by section 608 (subd [c], par [2]) of the Insurance Law. That subsection provides that MVAIC protection is available to any "qualified person" in a situation where "the insurer or insurers of the person or persons liable or alleged to be liable for [the] injury or loss have disclaimed liability or denied coverage because of some act or omission of the person or persons liable or alleged to be liable". The plaintiffs took no appeal from the denial of that application (the order thereon was made on September 7, 1973). The plaintiffs moved a second time for the same relief in July, 1974, some 22 months after the accident and soon after they learned of the

existence of a May 16, 1974 letter written to Morales by Royal Globe Insurance Co., the automobile liability insurance carrier for UMS. Royal Globe advised Morales in that letter that, having conducted an investigation of the accident, it was advising its attorneys to withdraw the appearance theretofore entered on his behalf in the plaintiffs' suit on the ground that he did not have authorization from UMS to drive the car at the time of the accident. This letter constitutes the sole formal denial of coverage in this case. The Special Term, in the order under review, denied the plaintiffs' motion without prejudice to renewal in the event it is determined after trial that Morales was operating the vehicle at the time of the accident without the permission or consent of UMS. The Special Term reasoned that although the assertion of the defense of nonpermissive use of the vehicle may not be regarded as a formal disclaimer or denial of coverage under subdivision (c) of section 608, such defense, if sustained after trial, would ripen into a valid disclaimer of liability or denial of coverage within the meaning of that subsection and entitle the plaintiffs to file their impleader claim within the time allowed by that subsection measured from the entry of judgment. A threshold issue of the appealability of the order under review is presented. We resolve that issue in favor of the appellant. The question, simply stated, is whether a party (in this case MVAIC) can be deemed aggrieved by an order which denies an application to implead it as a party defendant when the denial is *without prejudice to renewal* under a certain specified circumstance. We have previously determined that a substantial right of a party is affected (CPLR 5701, subd [a], par 2, cl v) by an order *denying that party's motion* without prejudice *(Winn v Warren Lbr. Co.,* 11 AD2d 713; *Ciaffone v Manhattantown, Inc.,* 20 AD2d 666; *Guttentag v Guttentag,* 22 AD2d 895; see, also, *Matter of Kahn v Backer,* 21 AD2d 171, 172–173). In the instant situation, the movant's application has likewise been conditionally denied, but the party seeking to appeal that determination is not the movant but rather the movant's opponent who has been all but totally successful in opposition. We perceive no rational basis for holding an order to be appealable by one party but not by his opponent who is also at least partially aggrieved. The distinction between outright denial and the conditional denial ordered by the Special Term, which leaves MVAIC's relationship to this dispute open and unresolved until after the trial on the plaintiffs' suit, is significant and we conclude that a substantial right of MVAIC is thereby affected. Thus, under these circumstances, an appeal by MVAIC lies as of right. In dealing with the major substantive issue presented by this appeal, we take particular note of the fact that the plaintiffs twice moved diligently to implead MVAIC. On the first occasion, they argued that the answer to the complaint contained a denial of insurance coverage. On the second occasion, the May, 1974 letter explicitly denying coverage provided the impetus for seeking the impleader. Notwithstanding the plaintiffs' obvious diligence, the effect of this court's decision in *Allegretti v Mancuso* (37 AD2d 964, affd 33 NY2d 882) would appear to prohibit any possibility of impleading MVAIC in this case. In *Allegretti (supra)* a majority of this court (sustained by a unanimous Court of Appeals) held that a repudiation of coverage by the insurer based solely on the lack of any authorization on the part of the driver to operate the vehicle in question did not constitute a disclaimer or denial of coverage "because of some act or omission of the person or persons alleged to be liable". Such act or omission, it was thought, refers solely to an act or omission of the insured owner in relationship to his insurance company *(Matter of Krouner v Motor Vehicle Acc. Ind. Corp.,* 23 AD2d 711; *Matter of Mallory v Motor Vehicle Acc. Ind.*

*Corp.,* 23 AD2d 101). As expressed by me in the dissent in *Allegretti* and still strongly felt, such interpretation does violence to both the spirit and the letter of the statute. As to the former, it frustrates the clear intent of the Motor Vehicle Accident Indemnification Corporation Law to protect all innocent victims of accidents caused by uninsured motor vehicles, no matter what the reason for the lack of insurance coverage. As to the latter, the *Allegretti* interpretation effectively restricts the meaning of "person or persons liable or alleged to be liable" to the named assured alone and ignores the obvious fact that this statutory passage also includes, within its scope, the vehicle operator in those instances when the assured and the operator are not one and the same. As I stated in the dissent in *Allegretti* (37 AD2d 964, 965): "It is proposed [by the majority] to limit this statutory language to an act of the named assured committed after the accident, e.g., his failure to co-operate or the like, and to require adherence to the 90-day time limit of subdivision (a) where the denial of coverage is based upon the act of a person other than the named assured. I can discern no fairness or logic in such an approach" (bracketed matter supplied). In the case at bar, surely the statutorily required "act or omission" under subdivision (c) of section 608 should be taken to mean Morales' act of driving the UMS vehicle without authorization at the time of the accident. Nothing in the statutory language itself compels the conclusion reached in *Krouner* and adhered to in *Allegretti* that the language refers solely and exclusively to such limited acts or omissions as the named assured's failure to co-operate with his insurer in a postaccident investigation. Thus, both as a matter of policy and statutory construction, the *Allegretti* decision misconstrues the statute it purports to interpret. Unfortunately, the unanimous affirmance of the decision by the Court of Appeals appears to foreclose any reconstruction of the issue by this court at this time. However, we are aware of the unjust result mandated in this case by adherence to the *Allegretti* precedent and we are further impressed by the diligence exercised by the plaintiffs throughout this litigation in attempting to implead MVAIC. For its part, MVAIC argues that the plaintiffs should have proceeded in accordance with the provisions of subdivision (a) of section 608 of the Insurance Law which require the filing of a claim within 90 days after an accident involving an uninsured motorist. Manifestly, this was impossible. The plaintiffs had no inkling that a denial of coverage would be forthcoming and that therefore Morales was an uninsured motorist until receipt of the defendants' answer in March, 1973, well more than 90 days after the September 4, 1972 accident. By virtue of a 1969 amendment to the statute (L 1969, ch 585, § 1 eff. Sept 1, 1969) the infant plaintiff could have received the benefit of the late filing extension provided in the second unnumbered paragraph following subdivision (c) of section 608 (upon application to the court within a year after the beginning of the applicable period for timely filing). (Prior to that amendment, this extension of the time limit for filing under subdivision (a) of section 608 would not have been available to the plaintiffs in this case.)*

---

* The statute, in pertinent part, now reads as follows: "Where any qualified person fails to file the affidavit as provided in [paragraph] (a) * * * within the applicable period specified therein * * * a court of competent jurisdiction, in its discretion, may upon [satisfactory] proof grant leave to file the affidavit within a reasonable time after the expiration of the above mentioned applicable period. * * * Application to the court for such leave must be made within one year from the beginning of the applicable period for filing the affidavit, as specified in paragraph (a)".

In any event, the plaintiffs did not move to implead MVAIC pursuant to subdivision (a) but rather proceeded in accordance with the provisions of subdivision (c). Faced with the defendants' denial that Morales had authorization to operate the UMS vehicle at the time the accident occurred, the plaintiffs quite understandably viewed the situation as one involving a denial of coverage (subd [c]) rather than as one involving the genuine uninsured motorist contemplated by subdivision (a). Perhaps the best answer to the constantly arising problems created by section 608 in its present form lies in legislative clarification. As the *Allegretti* decision strikingly demonstrates, the statute as written and interpreted has resulted in inequity and injustice. Moreover, if the present litigation is any harbinger, there is every reason to believe that further hardship will flow from continued misinterpretation of the unsatisfactory language of this statute. We would resolve the dilemma presented by this case by adopting the disposition and rationale propounded by the Special Term as the most equitable resolution of the matter. The plaintiffs never appealed from the order denying their first motion to implead MVAIC, made within the one-year limitation period, and the time for such an appeal has obviously long since expired. Nor have the plaintiffs cross-appealed from the order presently under review although the motion was made immediately following formal disclaimer and, hence, we are foreclosed from awarding them any affirmative relief. Nonetheless, the diligent plaintiffs ought not to be entirely foreclosed from the possibility of impleading MVAIC should it be established at trial that in fact Morales was a nonpermissive user of the UMS vehicle. An affirmance is a less than satisfactory disposition but, under the circumstances, it effectuates a fair and reasonable result. Rabin, Martuscello and Shapiro, JJ., concur in Memorandum; Gulotta, P. J., dissents and votes to affirm in opinion, in which Latham, J., concurs. Order reversed, etc.