■  In the Matter of APRIL THOMAS, an Infant, by Her Mother and Natural Guardian, GENEVA CARTER, Respondent, v FELIPE JIMINEZ, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Judgment of the Supreme Court, New York County, entered May 13, 1975, granting petitioner's application to compel appellant-MVAIC to accept a late notice of claim and to answer the summons and complaint alleged to have been served on an uninsured motorist, unanimously reversed, on the law, and vacated, without costs and without disbursements, and the application denied. The infant petitioner was allegedly injured on September 1, 1972 by an automobile driven by one Jiminez. The Department of Motor Vehicles answered an inquiry by the infant's attorney to the effect that there was insurance, and it appears that a summons was served upon the insured, and the insurance company so notified. In July, 1973, the petitioner's attorney died, and the present attorney was retained in December of 1973. When no response was obtained from the insurance company, a communication was sent to the Department of Motor Vehicles, which at that point suspended Jiminez' license for driving while uninsured. In April, 1974, when petitioner received notice of the suspension, a notice of claim was filed with MVAIC. Subdivision (a) of section 608 of the Insurance Law requires a filing of an MVAIC notice of claim within 90 days of the accrual of a cause of action. However, by the Laws of 1974 (ch 488, § 1, eff May 23, 1974), subdivision (c) of section 608 was amended to read that when there has been a failure to file within the 90-day period set forth in subdivision (a) of section 608 due to receipt of erroneous information from the Department of Motor Vehicles, a filing within 31 days after written notice of the correction of the error will be sufficient, and, provided that a court is satisfied with the cause of delay, filing "within a reasonable time after the expiration of the * * * applicable period." will be permitted. However, as was held in *Matter of Walker v MVAIC* (41 AD2d 527, affd without opn 33 NY2d 781), with respect to a late notice of claim, the requirement of subdivision (c) of section 608 that application to the court for leave must be made "within one year from the beginning of the applicable period" seems still to apply. Here, the application was made more than one year after accrual, and so the court lacked power to grant the relief requested. (See *Matter of Krouner v MVAIC,* 23 AD2d 711, 712.) Inasmuch as the Department of Motor Vehicles gave erroneous information and the surrounding circumstances show no lack of diligence on behalf of the petitioner, it is unfortunate that this should be the situation, and it should be called to the

attention of the Law Revision Commission. Concur—Markewich, J. P., Kupferman, Silverman, Lane and Nunez, JJ.