■ JAMES SAMUELS, an Infant, by His Mother and Natural Guardian, ANGELA SAMUELS, et al., Respondents, v AMES REALTY CORPORATION et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County, dated February 25, 1980, which, in denying plaintiffs' motion to increase the *ad damnum* clause, did so without prejudice to renewal. Appeal dismissed, without costs or disbursements. The denial of plaintiffs' motion, without prejudice to renewal, is not an appealable order in this instance. We have previously determined that a substantial right of a party is affected (CPLR 5701, subd [a], par 2, cl [v]) by an order denying that party's motion without prejudice to renewal *(Winn v Warren Lbr. Co.,* 11 AD2d 713; *Ciaffone v Manhattantown, Inc.,* 20 AD2d 666; *Guttentag v Guttentag,* 22 AD2d 895). In the instant situation, the party seeking to appeal is not the movant of a motion denied, but rather the movant's opponent who has been successful in its opposition. While we previously held in the case of *Sherman v Morales* (50 AD2d 610) that the party therein who successfully opposed a motion, denied without prejudice, could appeal as of right, the facts were significantly distinguishable from the facts in the case at bar. In *Sherman v Morales (supra)* the plaintiff sued, *inter alia,* to recover damages for personal injuries he sustained while riding as a passenger in the automobile owned by defendant United Medical Service, Inc. (UMS), and operated by its employee, defendant Morales. When UMS denied that its employee had authority to operate the vehicle at the time of the accident, plaintiff moved to implead the Motor Vehicle Accident Indemnification Corporation (MVAIC), pursuant to subdivision (c) of section 608 of the Insurance Law. MVAIC successfully opposed the motion, the trial court holding that a disavowal of permission to use the automobile would only ripen into a disclaimer of liability after a trial court determined that the employee in fact lacked authority to use the car. The motion was therefore denied without prejudice to renewal if the trial court determined the employee lacked the authority to use the automobile. This court held that MVAIC could appeal as of right because it was important, for reasons of judicial economy, to determine each party's respective liability in one proceeding. This problem does not exist here. In the instant case, plaintiffs moved to increase their *ad damnum* clause, and defendants opposed the motion. The trial court decided that certain affidavits needed to be submitted before it could grant the motion. It is very possible that the trial court may never grant plaintiffs' motion and defendants will have the result they seek. Since plaintiffs' motion has not yet been granted, defendants may not appeal. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.