■ In the Matter of CHANA KENIG, as Executrix of WOLF KENIG, Deceased, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Order affirmed, with costs. All concur, except Moule, J., who dissents and votes to reverse the order and grant motion of respondent Motor Vehicle Accident Indemnification Corporation (MVAIC), in the following memorandum.

Moule, J. (dissenting). Petitioner's decedent was killed when he was struck by a tow truck while riding his bicycle. The tow truck was owned by Pete Bowen (doing business as "Bowen's Arco") and operated by Douglas Hollingsworth, an employee of Bowen's Arco. On March 21, 1980 petitioner was appointed by Surrogate's Court, Monroe County, as executrix of decedent's estate. Petitioner applied for and received no-fault benefits from the United States Fidelity and Guaranty Company (USF&G), the insurer of Bowen's tow truck on the date of the accident. Petitioner filed a complaint which alleged that the death of petitioner's decedent was the direct result of Bowen's and Hollingsworth's negligence. On January 23, 1981, after both defendants had been served, attorneys retained by USF&G interposed an answer on behalf of Bowen which alleged that Hollingsworth did not have Bowen's express or implied permission to operate the vehicle at the time and place of the accident. Petitioner's attorney immediately wrote to USF&G to inquire why it was not going to appear on Hollingsworth's behalf but received no answer until May 15, 1981 when he spoke with a representative of USF&G, who informed him that it had not appeared for Hollingsworth because, as alleged in the answer, he did not have Bowen's consent to operate the vehicle. Petitioner subsequently filed a notice of claim with respondent-appellant Motor Vehicle Accident Indemnification Corporation (MVAIC) on May 21, 1981. MVAIC rejected the claim on June 23, 1981 and moved at Special Term for an order to absolve it from liability in this action and from appearing and defending Hollingsworth as an uninsured motorist. Petitioner responded by moving to file a late notice of claim. Special Term granted petitioner's motion and denied the motion of MVAIC. It was error for Special Term to grant petitioner's motion for leave to file a late notice of claim. Section 608 of the Insurance Law,

prior to its amendment on June 30, 1980, required petitioner to file within 90 days of accrual or, alternatively, to seek leave of court within one year of accrual to file a late notice of claim. Petitioner's cause of action accrued when she was appointed executrix of decedent's estate on March 21, 1980 (*Matter of Sellars v MVAIC*, 20 AD2d 350), yet her claim was not filed until May 21, 1981, more than one year later. Further, the language of subdivision (c) of section 608, which before its amendment provided for an additional 90 days to file where liability was disclaimed or coverage denied on the basis of an "act or omission of the person or persons liable or alleged to be liable," clearly referred only to an act or omission of the insured (*Allegretti v Mancuso*, 37 AD2d 964, affd 33 NY2d 882). Petitioner's claim is premised on USF&G's denial of coverage because of Hollingsworth's lack of authority to operate the vehicle, not any act of the insured. Therefore, petitioner is also precluded from filing under subdivision (c) of section 608. The application of the June 30, 1981 amendment to subdivision (c) of section 608 (see *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 262) also does not aid petitioner. The amendment provides that the disclaimer of liability or denial of coverage "based upon the lack of a policy of insurance in effect at the time the causes of action arose" extends a petitioner's time to file an additional 90 days after being notified of such disclaimer or denial. The record shows that petitioner was notified through USF&G's answer of January 23, 1981 that USF&G was denying coverage of Hollingsworth because he was not authorized to drive the Bowen vehicle. Petitioner failed to file by April 23, 1981 and, consequently, did not comply with the 90-day filing requirement of amended subdivision (c) of section 608. Petitioner contends, however, that the final two paragraphs of subdivision (c) of section 608 gave the court discretion to permit late filing "within a reasonable time after the expiration of the abovementioned applicable period." This discretionary extension is inapplicable in the present case, however, since it applies only to qualified persons who fail to file under either subdivision (a) or (b), or to a qualified person who "is an infant or is mentally or physically incapacitated or is deceased" (Insurance Law, § 608, subd [c]) and, by reason of this incapacity, is prevented from filing under subdivision (c). Since petitioner does not allege to be so incapacitated, she is not entitled to apply for the discretionary extension. (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — late notice of claim.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.