■ Barbara Bird, Respondent, v Harry L. Bird, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Ferraro, J.), dated November 10, 1983, as, in denying the plaintiff wife's motion to amend the parties' judgment of divorce so as to incorporate but not merge therein the terms of a stipulation of settlement entered into in open court on April 19, 1983, did so "without prejudice to an application to resettle [said] judgment".

Appeal dismissed, without costs or disbursements.

The order appealed from is the functional equivalent of an order denying plaintiff's motion for leave to amend the judgment without prejudice to renewal. We have previously determined that a substantial right of a party is affected (CPLR 5701

[a] [2] [v]) by an order denying *that* party's motion for relief without prejudice to renewal (*see, e.g., Winn v Warren Lbr. Co.,* 11 AD2d 713; *Ciaffone v Manhattantown, Inc.,* 20 AD2d 666; *Guttentag v Guttentag,* 22 AD2d 895), but not where, as here, the party seeking to appeal was the successful opponent of such a motion (*Samuels v Ames Realty Corp.,* 79 AD2d 651; *cf. Sherman v Morales,* 50 AD2d 610).

Defendant's remedy, if he be so disposed, is to prosecute an appeal from any subsequent order granting resettlement. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.