■ NEIL DREPAUL et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. [749 NYS2d 439] —In an action, inter alia, to recover damages for breach of an insurance contract, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 7, 2002, as denied, as premature, its cross motion for partial summary judgment, and denied, without prejudice to renewal upon completion of certain disclosure, that branch of the plaintiffs' motion which was to compel production of items two through eight of their second demand for discovery and inspection.

Ordered that the appeal from so much of the order as denied,

without prejudice to renewal upon completion of certain disclosure, that branch of the plaintiffs' motion which was to compel production of items two through eight of their second demand for discovery and inspection is dismissed, without costs or disbursements, as the defendant is not aggrieved by that portion of the order (*see* CPLR 5701 [a] [2] [v]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were for partial summary judgment dismissing the third cause of action to recover damages for violation of General Business Law § 349, that part of the fourth cause of action which sought to recover damages for violation of 42 USC § 1981, and the claim for punitive damages asserted in the second cause of action, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

A substantial right of a party is affected (*see* CPLR 5701 [a] [2] [v]) by an order denying *that* party's motion for relief without prejudice to renewal (*see Venetucci v Venetucci,* 151 AD2d 472; *Guttentag v Guttentag,* 22 AD2d 895; *Ciaffone v Manhattantown,* 20 AD2d 666; *Winn v Warren Lbr. Co.,* 11 AD2d 713), but not where, as here, the party seeking to appeal was the successful opponent of such a motion (*see Bird v Bird,* 111 AD2d 204; *Samuels v Ames Realty Corp.,* 79 AD2d 651; *cf. Sherman v Morales,* 50 AD2d 610, 611). Therefore, the appeal by the defendant Allstate Insurance Company (hereinafter Allstate) from so much of the order as denied, without prejudice to renewal upon completion of certain disclosure, that branch of the plaintiffs' motion which was to compel production of items two through eight of their second demand for discovery and inspection is dismissed, as Allstate is not aggrieved by that portion of the order (*see* CPLR 5701 [a] [2] [v]).

Allstate's cross motion for partial summary judgment should have been granted to the extent of dismissing the third cause of action alleging violation of General Business Law § 349, that part of the fourth cause of action as alleged violation of 42 USC § 1981, and the claim for punitive damages asserted in the second cause of action.

In opposition to Allstate's prima facie showing of entitlement to judgment as a matter of law dismissing the claims alleging violation of General Business Law § 349 and 42 USC § 1981, the plaintiffs failed to raise a triable issue of fact. In support of their claim alleging a violation of General Business Law § 349,

the plaintiffs did not point to any evidence that Allstate engaged in acts or practices which were deceptive or misleading and which had an impact on consumers at large, rather than acts limited to just the parties (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25). The cause of action asserting a violation of 42 USC § 1981 fails to "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent" (*Yusuf v Vassar Coll.,* 35 F3d 709, 713 [2d Cir]). Moreover, the mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process is not enough to defeat a motion for summary judgment (*see Mazzaferro v Barterama Corp.,* 218 AD2d 643, 644).

The plaintiffs' claim for punitive damages asserted in the second cause of action sounding in breach of the implied covenant of good faith and fair dealing also must be dismissed. The use of familiar tort language to support a claim for breach of the implied covenant of good faith and fair dealing does not change the cause of action to a tort claim in the absence of an underlying tort duty sufficient to support a claim for punitive damages (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 316-317; *Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 614; *Bettan v GEICO Gen. Ins. Co.,* 296 AD2d 469).

Allstate's remaining contention is unpreserved for appellate review. Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.