■ TOWER FUNDING, LTD., Respondent, v DAVID BERRY REALTY, INC., et al., Appellants, et al., Defendants. [755 NYS2d 413] —In an action, inter alia, to foreclose a mortgage, the defendants David Berry Realty, Inc., David Berry, and Brenda E. Berry appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Dutchess County (Dillon, J.), dated April 8, 2002, as granted that branch of the plaintiff's motion which was for summary judgment on its first cause of action and denied their cross motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated July 3, 2002, as upon, in effect, granting that branch of their motion which was for leave to reargue, adhered to its prior determination, and denied that branch of their motion which was for leave to renew.

Ordered that the appeal from the order dated April 8, 2002, is dismissed, as that order was superseded by the order dated July 3, 2002, made upon reargument; and it is further,

Ordered that the order dated July 3, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On August 30, 1989, the defendant David Berry Realty, Inc. (hereinafter Berry Realty), executed a promissory note in favor of the plaintiff in the sum of $35,000 with interest at the rate of 24% per annum. The note was signed by the defendant David Berry in his capacity as president of Berry Realty. At the same time, Mr. Berry and the defendant Brenda E. Berry executed a written guarantee and mortgage to secure payment of the loan. When Berry Realty defaulted in paying, the plaintiff commenced this action, inter alia, to foreclose on the mortgage. In their answer, Berry Realty and the Berrys (hereinafter collectively the appellants) asserted a defense of usury. The plaintiff moved, among other things, for summary judgment on its cause of action seeking foreclosure. The appellants crossmoved for summary judgment dismissing the complaint, contending that the loan violated both the civil and criminal usury laws. The Supreme Court granted the plaintiff summary judgment and denied the appellants' cross motion. The appellants then moved for leave to reargue and renew. The Supreme Court, in effect, granted reargument and adhered to its original determination, and denied renewal.

A loan is usurious if its interest rate exceeds 16% per annum (*see* General Obligations Law § 5-501 [1], [2]; Banking Law § 14-a [1]). A corporation may not interpose a defense of civil usury (*see* General Obligations Law § 5-521 [1]). An individual guarantor of a corporate obligation is also precluded from asserting such a defense (*see Schneider v Phelps,* 41 NY2d 238, 242 [1977]). However, where a corporate form is used to conceal a usurious loan made for personal, not corporate purposes, the defense of usury may be interposed (*id.* at 242). Further, the prohibition against asserting such a defense does not apply to a defense of criminal usury where interest in excess of 25% per annum is knowingly charged (*see* General Obligations Law § 5-521 [3]; Penal Law § 190.40).

The plaintiff established its prima facie entitlement to summary judgment by submitting, among other things, proof of the note in the sum of $35,000, the mortgage securing payment, and a default in payment (*see EMC Mtge. Corp. v Riverdale Assoc.,* 291 AD2d 370 [2002]; *Simoni v Time-Line, Ltd.,* 272 AD2d 537 [2000]). In opposition to the motion, the appellants failed to come forward with evidence sufficient to raise a triable issue of fact. Their claim that the loan was actually a personal, not a corporate loan, and that, therefore, the defense of civil usury could be asserted, was conclusory and unsubstantiated (*see Ludlum Corp. Pension Plan Trust v Matty's Superservice,* 156 AD2d 339 [1989]; *Scarsdale Natl. Bank & Trust*

*Co. v Seale,* 101 AD2d 813 [1984]; *Federal Deposit Ins. Corp. v Salesmen Unlimited Agency Corp.,* 61 AD2d 1023 [1978]). Similarly, their contention that the plaintiff retained a portion of the proceeds of the loan, thereby increasing the effective rate of interest to an amount exceeding 25% per annum in violation of the criminal usury laws (*see* General Obligations Law § 5-501 [2]; *Hope v Contemporary Funding Group,* 128 AD2d 673 [1987]), was also conclusory and unsubstantiated. Consequently, the Supreme Court properly granted the plaintiff summary judgment and denied the appellants' cross motion. Further, the Supreme Court properly denied that branch of the appellants' subsequent motion which was for leave to renew, since the appellants did not demonstrate reasonable justification for their failure to present the purported newly-discovered facts on the original motion and cross motion (*see* CPLR 2221 [e] [3]). Altman, J.P., Florio, H. Miller and Adams, JJ., concur.