The appeal by the defendant/counterclaim plaintiff, Vina Jani, from so much of the order as “denied without prejudice” the motion of the plaintiffs/counterclaim defendants (hereinafter collectively the movants) for summary judgment must be dismissed, as she is not aggrieved by that portion of the order (see CPLR 5511; Mortgage Elec. Registration Sys., Inc. v Mc-Duffie, 33 AD3d 893, 894 [2006]; Matter of Roman Catholic Diocese of Rockville Ctr. v Board of Assessors of Inc. Vil. of Old Westbury, 303 AD2d 515, 515 [2003]; Drepaul v Allstate Ins. Co., 299 AD2d 391, 392 [2002]; Bird v Bird, 111 AD2d 204, 204-205 [1985]; Samuels v Ames Realty Corp., 79 AD2d 651, 651 [1980]). We decline her request, in effect, to search the record and award her summary judgment dismissing the complaint and on her counterclaims.
*695 The Supreme Court properly denied that branch of the movants’ motion which was for summary judgment on the complaint. “A corporation is prohibited from asserting the defense of civil usury” (Arbuzova v Skalet, 92 AD3d 816, 816 [2012]; see General Obligations Law § 5-521; Schneider v Phelps, 41 NY2d 238, 242 [1977]; Tower Funding v Berry Realty, 302 AD2d 513, 514 [2003]). “An individual guarantor of a corporate obligation is also precluded from raising such a defense” (Arbuzova v Skalet, 92 AD3d at 816; see Schneider v Phelps, 41 NY2d at 242; Tower Funding v Berry Realty, 302 AD2d at 514). Here, although the interest rate on the subject loan agreement exceeded 16% per annum (see General Obligations Law § 5-501 [1], [2]; Banking Law § 14-a [1]; Tower Funding v Berry Realty, 302 AD2d at 514), the movants failed to establish, prima facie, that the loan was made to the plaintiff Bernadette Pepin individually, and thus failed to establish their prima facie entitlement to judgment as a matter of law on the complaint. Moreover, for the same reason, the Supreme Court also properly denied that branch of the motion which was for summary judgment dismissing the counterclaims asserted by Jani, who allegedly extended the subject loan.
In light of our determination, we need not reach the movants’ remaining contention. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.