■ In the Matter of CURTIS & ASSOCIATES, P.C., Respondent, v JANET T. CALLAGHAN, Appellant. JEFFREY LEVITT, Nonparty Appellant. [991 NYS2d 55]—

In a proceeding pursuant to CPLR article 52 to enforce a judgment, Janet T. Callaghan and Jeffrey Levitt appeal, as limited by their brief and a letter dated July 15, 2013, from stated portions of an amended order of the Supreme Court, Westchester County (Scheinkman, J.), entered August 1; 2012, which, inter alia, granted that branch of the petitioner's motion which was to hold Janet T. Callaghan in civil contempt to the extent of directing her to appear for a deposition and granted the petitioner "leave to renew" that branch of its motion which was to hold Janet T. Callaghan in criminal contempt.

Ordered that the appeal by Janet T. Callaghan from so much of the amended order as granted the petitioner "leave to renew" that branch of its motion which was to hold her in criminal contempt is dismissed; and it is further,

Ordered that the appeal by Jeffrey Levitt is dismissed, as he is not aggrieved by the portions of the amended order appealed from (see CPLR 5511); and it is further,

Ordered that the amended order is affirmed insofar as reviewed on the appeal by Janet T. Callaghan; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal by Janet T. Callaghan from so much of the amended order as granted the petitioner "leave to renew" that branch of its motion which was to hold her in criminal contempt must be dismissed. While a substantial right of a party is affected by an order denying that party's motion for relief without prejudice to renewal, where, as here, the party seeking to appeal was the successful opponent of such a motion, that party is not aggrieved (see Mixon v TBV, Inc., 76 AD3d 144 [2010]; Matter of Carvel, 303 AD2d 405 [2003]; Bird v Bird, 111 AD2d 204, 204-205 [1985]; Samuels v Ames Realty Corp., 79 AD2d 651 [1980]).

Generally, we do not consider an issue on a subsequent appeal that was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (see Bray v Cox, 38 NY2d 350, 353 [1976]; Deller v Mercy Med. Ctr., 87 AD3d 712, 712-713 [2011]). Callaghan appealed from an order entered August 30, 2010, which granted the petitioner's application to effect service of enforcement subpoenas upon Callaghan through her New York counsel, and denied Callaghan's cross motion to dismiss this proceeding on jurisdictional grounds. That appeal was

dismissed by decision and order on motion of this Court dated July 29, 2011, for failure to perfect in accordance with the rules of this Court, and that dismissal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (*see Bray v Cox*, 38 NY2d at 355). We decline to exercise our discretion to determine the merits of Callaghan's argument that this proceeding is subject to dismissal on jurisdictional grounds, as it could have been raised on her appeal from the order entered August 30, 2010, which was dismissed for failure to prosecute. ·

The remaining contentions are without merit. Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.