■ Sukhvinder S. Sodhi, Appellant, v 112 Park Enterprises, LLC, et al., Respondents. [47 NYS3d 384]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (D. Hart, J.), entered April 10, 2015, as denied his motion for summary judgment on the issue of liability without prejudice to renew upon the completion of discovery and, upon denying the defendants' cross motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, did so without prejudice to renew.

Ordered that the appeal from so much of the order as, upon denying the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, did so without prejudice to renew, is dismissed, as the plaintiff is not aggrieved by that portion of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff is not aggrieved by the portion of the order which, upon denying the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, did so without prejudice to renew, as the plaintiff was the successful opponent of the cross motion (*see Matter of Curtis & Assoc., P.C. v Callaghan*, 119 AD3d 782, 783 [2014]; *Pepin v Jani*, 101 AD3d 694, 694 [2012]; *Matter of Carvel*, 303 AD2d 405 [2003]; *Drepaul v Allstate Ins. Co.*, 299 AD2d 391, 392 [2002]). Thus, the appeal by the plaintiff from that portion of the order must be dismissed (*see Matter of Curtis & Assoc., P.C. v Callaghan*, 119 AD3d at 783; *Pepin v Jani*, 101 AD3d at 694; *Matter of Carvel*, 303 AD2d 405 [2003]; *Drepaul v Allstate Ins. Co.*, 299 AD2d at 392).

Contrary to the plaintiff's contention, the Supreme Court properly denied his motion for summary judgment on the issue of liability without prejudice to renew upon the completion of discovery, given that little discovery had taken place and the depositions of the parties had not yet occurred (*see* CPLR 3212 [f]; *Herrera v Gargiso*, 140 AD3d 1122, 1123 [2016]; *Takhalov v Rottenberg*, 128 AD3d 678, 678 [2015]; *Sepulveda v Cammeby's Mgt. Co., LLC*, 119 AD3d 927 [2014]; *Gardner v Cason, Inc.*, 82 AD3d 930, 931-932 [2011]). Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.