| School v Pung San Constr. Corp. |
| --- |
| 2024 NY Slip Op 33721(U) |
| October 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161763/2013 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DEBRA A. JAMES**                    PART    59

*Justice*

-------------------------------------------------------------------------------X

RAMAZ SCHOOL and CONGREGATION KEHILATH
JESHURAN,

|  |  |
|---|---|
| INDEX NO. | 161763/2013 |
| MOTION DATE | 10/16/2024 |
| MOTION SEQ. NO. | 008 009 010 |

                                   Plaintiffs,

                           - v -

PUNG SAN CONSTRUCTION CORP, C.Q. ELECTRICAL
CONTRACTING CORP, and MAXTECH ELECTRICAL
INC.,

**DECISION + ORDER ON
MOTION**

                                   Defendants.

-------------------------------------------------------------------------------X

PUNG SAN CONSTRUCTION CORP,

                                                        Third-Party
                                               Index No. 595092/2014

                           Third-Party Plaintiff,

                           -against-

VVA, LLC and AMHI CORP.,

                           Third Party Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 334, 335, 336, 337, 338, 339, 340, 341, 342, 352, 413

were read on this motion to/for                    ORDER OF PROTECTION                    .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 343, 344, 345, 346, 347, 348, 349, 350, 416, 417, 418, 419, 420, 421, 422

were read on this motion to/for                    DISCOVERY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 414, 415, 423, 424, 425, 426, 427, 429

were read on this motion to/for                    VACATE - DECISION/ORDER/JUDGMENT/AWARD.

**161763/2013   RAMAZ SCHOOL vs. PUNG SAN CONSTRUCTION CORP**                    **Page 1 of 5**
  **Motion No. 008 009 010**

1 of 5

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of plaintiffs for a protective order with respect to the Notice to Admit dated April 1, 2024, propounded by defendant Maxtech Electrical Inc. (mot seq no 008) is granted and; it is further

ORDERED that, in order to prevent unreasonable annoyance, disadvantage, and prejudice, plaintiffs shall not respond to such Notice and such Notice is of no force and effect; and it is further

ORDERED that the cross motion of defendant Maxtech Electrical, Inc. to compel plaintiffs to respond to Demand for Bill of Particulars dated April 1, 2024 (NYSCEF Doc No 331) is denied, and such Demand for Bill of Particulars is of no force and effect; and it is further

ORDERED that the motion of defendant Pung San Construction Corp. to vacate that portion of the Compliance Conference Order dated July 19, 2024 and filed on August 8, 2024, (mot seq no 010) that determined that the cause and origin records of plaintiff are excluded from discovery is vacated, and this court directs plaintiffs to produce such cause and origin records, within twenty (20) days of the date hereof; and it is further

ORDERED that motion of defendant Pung San Construction Corp. to compel plaintiff to respond to outstanding discovery demands

**161763/2013   RAMAZ SCHOOL vs. PUNG SAN CONSTRUCTION CORP**          **Page 2 of 5**
**Motion No.  008 009 010**

2 of 5

[* 2]

(mot seq no 009) is granted, in accord with the above fourth decretal paragraph; and it is further

ORDERED that all counsel shall refrain from posting on NYSCEF discovery demands and/or responses to discovery demands, (except for demands for bills of particulars or responses to such bills of particular demands), unless such demands or response are exhibits to any motion on notice or by order to show cause, and shall exchange by group e-mail transmissions only, as such posting unnecessarily and improperly clutters the docket; and it is further

ORDERED that counsel are directed to post on NYSCEF a proposed joint discovery status conference order or competing proposed discovery conference order(s) at least two days before March 4, 2025, on which date counsel shall appear via Microsoft Teams, unless such appearance be waived (upon joint request transmitted to IAS Part 59 clerk, SFC-Part59-Clerk@nycourts.gov) by the court.

## DECISION

This court agrees with plaintiffs that defendant Maxtech Electrical Inc. "could not have reasonably believed there was no substantial dispute" about the identity of evidence or inability to identify evidence concerning the cause of the subject fire, which such defendant improperly attempts to elicit in its Notice to Admit dated April 1, 2024 (NYSCEF Doc No 337), Fetahu v New Jersey Transit Corp., 167 AD3d 514, 515 (1st Dept 2018).

**161763/2013   RAMAZ SCHOOL vs. PUNG SAN CONSTRUCTION CORP**   **Page 3 of 5**
  **Motion No.  008 009 010**

3 of 5

[* 3]

This court likewise agrees with the reply of plaintiffs to the defendant Maxtech's cross motion to compel response to its Demand for Bill of Particulars dated April 1, 2024 (NYSCEF Doc No 331), that such demand was palpably improper, Somma v Sears, Roebuck and Company, 52 AD2d 782 (1st Dept 1976), calling for an opinion assessing the evidence rather than any amplification of the pleadings.

This court disagrees with plaintiffs that the Discovery Compliance Order dated July 19, 2024 (NYSCEF Document Number 351) was issued on notice, as there was never any application made on notice or by show cause order for such order, which order was the product of a discovery conference with letter submissions. Such Discovery Compliance Order, which was ex parte, was not appealable and therefore moving defendant Pung San Construction Corp's remedy was to move to vacate such Discovery Compliance Conference Order. The herein order resolving such motion to vacate is appealable. See CPLR 5701(a)(3).

The court also disagrees with plaintiffs that its cause and origin records are exempt from discovery, as the mere fact that such records were delivered to its subrogation attorney does not insulate same from disclosure. Nor does plaintiffs' intention to call its in house fire investigator as an expert at trial insulate the records upon which such expert will base his opinion from

**161763/2013   RAMAZ SCHOOL vs. PUNG SAN CONSTRUCTION CORP**                **Page 4 of 5**
  **Motion No.  008 009 010**

4 of 5

[* 4]

disclosure.  See Flex-O-Vit USA, Inc v Niagara Mohawk Power Corp, 281 AD2d 980 (4th Dept 2001).

_Debra A. James_

20241021141021DJAMESDC068179FE3E4247B91836C8866B1851

_____
10/21/2024
**DATE**

_____
**DEBRA A. JAMES, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161763/2013   RAMAZ SCHOOL vs. PUNG SAN CONSTRUCTION CORP**                    **Page 5 of 5**
**Motion No.  008 009 010**

5 of 5