CARL QUARTERMAN, Plaintiff, *v.* DORA QUARTERMAN, Defendant.

Supreme Court, Special Term, New York County, February 15, 1943.

*Robert Jablin* for plaintiff.

*Goldstein & Jacobs* for defendant.

BERNSTEIN, J. Motion for reargument is granted and upon such reargument the motion for an order directing the examination of the defendant before trial is granted to the extent hereinafter indicated. From a reading of the original motion papers the court gained the impression that the defendant had been declared incompetent pursuant to the provisions of sections 1356-1384 of the Civil Practice Act, in which case there would be a presumption of continued incompetency until superseded by a subsequent adjudication of competency. (*Carter* v. *Beckwith*, 128 N. Y. 312, 316.) An examination by the court of the filed record in the Clerk's office discloses, however, that the defendant was merely committed to the State hospital pursuant to the provisions of the Mental Hygiene Law. Such a proceeding has a distinct object in view, to wit, the care and treatment of the patient and the protection of the public. It is not designed as a substitute for an inquisition, and an order entered thereon does not effect an adjudication of incompetency. (*Finch* v *Goldstein*, 245 N. Y. 300; *Hoff* v. *State of New York*, 279 N. Y. 490; *Sullivan* v. *Whitney*, 25 N. Y. S. 2d 762.) In that situation the defendant continued to control her property at all times and to have legal capacity to sue and be sued, and, consequently, she may be examined in a suit brought against her. While unlimited examinations in matrimonial actions are ordinarily not allowed in this department, the special circumstances set forth in the original papers create an exception and warrant the granting of the relief prayed for as to items 1, 2 and 3 enumerated in those papers. The motion is denied as to the other items. Let the defendant appear and submit to said examination at Special Term, Part II, of this court, on February 23, 1943, at 10:00 A. M.