■ Vito Clemente et al., Appellants-Respondents, v Grow Tunneling Corp. et al., Respondents-Appellants, et al., Defendants. Grow, Kiewit and Catapano, Inc., Third-Party Plaintiff-Appellant, v Craftsman Electrical Co. et al., Third-Party Defendants-Respondents. [653 NYS2d 922]—Order, Supreme Court, New York County (Norman Ryp, J.), entered on or about December 15, 1995, which, insofar as appealed from, denied plaintiffs' motion for summary judgment on its Labor Law § 240 (1) cause of action against defendants, granted that part of defendant and third-party plaintiff's cross motion which sought dismissal of that cause of action, and denied that part of defendant and third-party plaintiff's cross motion for summary judgment on its indemnification cause of action against third-party defendants, unanimously modified, on the law, to deny the former part of the cross motion and to reinstate plaintiff's Labor Law § 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff's Labor Law § 240 (1) claim is reinstated. Unlike the facts of *Smith v Shell Oil Co.* (85 NY2d 1000, 1002), the instant plaintiff was not merely changing a light bulb, he was removing for repair a twenty-pound lighting fixture specifically installed on the property to facilitate a twenty-four-hour construction project, an activity within the scope of this statutory section. Trial of this claim is appropriate because plaintiff was the only witness to the accident, and, in this situation, defendants should be granted the opportunity to subject plaintiff's allegation that the accident was caused by a defect

in the bucket truck* to cross-examination and have his credibility determined by the trier of fact (*Manna v New York City Hous. Auth.*, 215 AD2d 335, 336). Since similar factual issues exist as to whether defendant and third-party plaintiff was negligent in allowing the bucket truck in question to be used, summary judgment on its cause of action against third-party defendants for indemnification is presently premature (*see, D'Amico v Manufacturers Hanover Trust Co.*, 177 AD2d 441, 443). Concur—Murphy, P. J., Sullivan, Rosenberger, Williams and Andrias, JJ.

---

* It should be noted that a bucket truck has been construed to be functionally equivalent to the other devices covered by this statutory section, Labor Law § 240 (1) (*see, Drew v Correct Mfg. Corp.*, 149 AD2d 893).