OPINION OF THE COURT
Richard F. Braun, J.
In this personal injury action, all parties move to reargue by order to show cause. Defendants Tamsin Looker and Andrew Looker (Lookers) also seek renewal in their supporting affirmation and affidavit.
Plaintiff Patrick Piccione has sued defendants for damages under Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence, due to injuries that he sustained when he fell off a ladder while working on a light fixture in the cooperative apartment of defendants Lookers. Those defendants used the apartment only as a professional office. Plaintiff Jeanne Piccione, the wife of Plaintiff Patrick Piccione (Plaintiff), sued for loss of services. Defendant 1165 Park Avenue, Inc. (1165) owned the subject building. Defendants Lookers impleaded Plaintiff’s employer, third-party defendant Brown, Harris, Stevens, Inc.
In their earlier motion, defendants Lookers moved for summary judgment dismissing the complaint or, in the alternative, *1039 granting them partial summary judgment against defendant 1165 and third-party defendant. Defendant 1165 and third-party defendant together had cross-moved for summary judgment dismissing the complaint and third-party complaint. Plaintiffs had cross-moved for partial summary judgment as to liability under the Labor Law § 240 (1) cause of action. In its decision, order, and opinion (NYU, Jan. 16, 1998, at 25, col 3 [Sup Ct, NY County]) on those prior motions, this court awarded partial summary judgment to Plaintiff against defendant 1165 as to liability on the Labor Law § 240 cause of action, and awarded summary judgment to defendants Lookers dismissing the Labor Law §§ 240 and 241 causes of action against said defendants. The balance of the motions was denied.
Plaintiff is correct that he should have been granted summary judgment as to liability on his Labor Law § 240 claim against defendants Lookers. They do not expressly dispute the argument, although they contend that summary judgment should be awarded in their favor dismissing the complaint against them.
The fixture on which Plaintiff was working was a malfunctioning fluorescent light fixture in the bathroom of the apartment of defendants Lookers. Defendants Lookers had complained to defendant 1165 that the fixture was not working properly. Plaintiff was assigned to fix it. Plaintiff examined the inner workings of the fixture. Plaintiff then removed screws and sockets; disconnected, stripped, cut, and connected wires; and replaced the ballast and sockets. Plaintiff was injured as a result of his fall from a ladder while doing such repairs. The ladder was shaky. The ladder side braces did not operate properly, and the ladder did not have rubber safety shoes in order to prevent slippage. While Plaintiff was standing on the ladder, the step of the ladder tilted forward, and the ladder slid away from the wall. Plaintiff fell and was injured.
Each party moving for summary judgment must prove his, her or its entitlement thereto as a matter of law, pursuant to CPLR 3212 (b) (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967 [1988]). This burden of proof was sustained by Plaintiff on his Labor Law § 240 cause of action. Labor Law § 240 is to be liberally construed to accomplish its purpose of protecting workers (Lombardi v Stout, 80 NY2d 290, 296 [1992]). Labor Law § 240 (1) was violated by defendants.
The work done by Plaintiff to the light fixture constituted a repair, which falls under Labor Law § 240 (1) (see, Izrailev v *1040 Ficarra Furniture, 70 NY2d 813, 815 [1987]; Clemente v Grow Tunneling Corp., 235 AD2d 331 [1st Dept 1997]; Purdie v Crestwood Lake Hgts. Section 4 Corp., 229 AD2d 523, 525 [2d Dept 1996]). What Plaintiff did is much more than merely changing a light bulb, which does not fall under Labor Law § 240 (1) (Smith v Shell Oil Co., 85 NY2d 1000 [1995]).
Defendant 1165 was liable to Plaintiff under Labor Law § 240 as the owner of the building in which Plaintiff was injured. Thus, its motion to reargue this court’s finding of liability against it must be denied.
Defendants Lookers are liable to Plaintiff, as they are equivalent to an owner under Labor Law § 240. A cooperative apartment owner is equivalent to a tenant in that the former, as a holder of shares in the cooperative corporation, has a propriety lease to the apartment and a possessory interest therein. Although a residential tenant cannot be liable under Labor Law § 240 (Brown v Christopher St. Owners Corp., 211 AD2d 441, 442 [1st Dept 1995], affd 87 NY2d 938 [1996]), a commercial tenant falls under the purview of Labor Law § 240 (see, Glielmi v Toys “R” Us, 62 NY2d 664, 666 [1984]; Tate v Clancy-Cullen Stor. Co., 171 AD2d 292, 295 [1st Dept 1991]).
As defendants Lookers used the subject apartment only for professional purposes, they could not be held to fall under the exemption pursuant to Labor Law § 240 (1) for one- and two-family dwellings, even if the apartment was found to be for one family (Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]). Defendants Lookers did not dwell in the apartment.
As Plaintiff contends, that he was the only witness to the accident is not necessarily a reason to deny him summary judgment (Buendia v New York Natl. Bank, 223 AD2d 456 [1st Dept 1996]). Furthermore, contrary to what is argued in opposition, Plaintiff did not change the theory of his case to undermine his entitlement to summary judgment.
Thus, Plaintiff should be granted leave to reargue, and, upon reargument, he should be awarded partial summary judgment as to liability against defendants Lookers. The amount of damages will have to be determined at trial.
The only argument raised by defendants Lookers as to Labor Law § 241 (6) was that Plaintiff was not engaging in construction work at the time of his injury, as defined under 12 NYCRR 23-1.4 (b) (13). Said provision states: “(13) Construction work. All work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of build *1041 ings or other structures, whether or not such work is performed in proximate relation to a specific building or other structure and includes, by way of illustration but not by way of limitation, the work of hoisting, land clearing, earth moving, grading, excavating, trenching, pipe and conduit laying, road and bridge construction, concreting, cleaning of the exterior surfaces including windows of any building or other structure under construction, equipment installation and the structural installation of wood, metal, glass, plastic, masonry and other building materials in any form or for any purpose.” (Emphasis added.) Building construction accidents are not the only types of accidents that fall under Labor Law § 241 (6) (Joblon v Solow, 91 NY2d 457, 466 [1998]). Building repairs constitute construction work under Labor Law § 241 (6) (see, Sprague v Beckham Materials Corp., 240 AD2d 392, 394 [2d Dept 1997]; DaBolt v Bethlehem Steel Corp., 92 AD2d 70, 73-74 [4th Dept 1983]). Thus, summary judgment should not have been awarded dismissing the Labor Law § 241 (6) cause of action against defendants Lookers. Plaintiff’s motion to reargue should be granted on this issue, and, upon reargument, that part of the previous motion of defendants Lookers should be denied.
No specific basis is set forth as to reargument by Plaintiff Jeanne Piccione. To the extent that her claim is derived from those of Plaintiff, her spouse, reargument should be granted to the same extent as granted to Plaintiff.
As to Plaintiff’s common-law negligence and Labor Law § 200 claims, nowhere does Plaintiff show that defendants Lookers were negligent under the common law or its statutory equivalent, Labor Law § 200. Plaintiffs only pleaded those causes of action in the complaint in a conclusory fashion as to defendants Lookers. The verified bill of particulars is slightly better but still conclusory as to the Plaintiff’s having placed the ladder on “a slippery tile floor”. Plaintiffs offer no more specificity than that. The ladder did not belong to defendants Lookers, and there is no showing that they made the floor slippery. Plaintiffs’ pleading on this cause of action is insufficient, and the pleading is not saved by a sufficient affidavit from Plaintiff (Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]) elaborating upon the alleged slipperiness of the floor and how defendants Lookers may have caused such a condition. Thus, reargument should be granted to defendants Lookers, and, upon reargument, summary judgment should be awarded to them dismissing the common-law negligence and Labor Law § 200 causes of action.
*1042 Defendants Lookers asserted in their original motion that they should be indemnified under the common law by defendant 1165 and third-party defendant. Defendants Lookers have shown that they did not supervise or control the work of Plaintiff (Guillory v Nautilus Real Estate, 208 AD2d 336, 339 [1st Dept 1995]). The only argument in opposition by defendant 1165 and third-party defendant to this part of the motion of defendants Lookers is that Plaintiffs showed that said defendants contributed to the accident and may have caused a slippery condition on the subject floor. This is insufficient to defeat summary judgment. The liability of defendants Lookers is vicarious, and they are entitled to common-law indemnification from defendant 1165, the building owner, and third-party defendant, the building managing agent and Plaintiff’s employer. Thus, upon reargument, defendants Lookers should be awarded summary judgment against defendant 1165 and third-party defendant indemnifying defendants Lookers. The balance of the motions by the parties should be denied.