■ VANCHO BOSHNAKOV et al., Plaintiffs, v BOARD OF EDUCATION OF TOWN OF EDEN et al., Defendants. BOARD OF EDUCATION OF TOWN OF EDEN et al., Third-Party Plaintiffs, v COLOR TECHNICS PAINTING CORP., Third-Party Defendant. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant; ITT HARTFORD GROUP, INC., Respondent. [753 NYS2d 774] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered January 22, 2002, which directed Public Service Mutual Insurance Company to pay 100% of the attorney's fees and disbursements

recoverable by defendants-third-party plaintiffs against third-party defendant, plus interest.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by directing Public Service Mutual Insurance Company and ITT Hartford Group, Inc. to pay equally the attorney's fees and disbursements recoverable by defendants-third-party plaintiffs against third-party defendant, plus interest, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law action seeking damages for injuries sustained by plaintiff Vancho Boshnakov while employed by third-party defendant, Color Technics Painting Corp. (Color Technics). Supreme Court previously granted that part of the motion of defendants and third-party plaintiffs for summary judgment on their third-party claims for common-law indemnification and the claim of defendant and third-party plaintiff Higgins-Kieffer, Inc. (Higgins) for contractual indemnification from Color Technics, and the court granted their subsequent motion to recover attorney's fees and disbursements from Color Technics. Public Service Mutual Insurance Company (PSM), the insurer of Color Technics with respect to claims for common-law indemnification only, now appeals from an order directing it to pay 100% of the attorney's fees and disbursements recoverable by defendants-third-party plaintiffs against Color Technics, plus interest. We agree with PSM that ITT Hartford Group, Inc. (Hartford), the insurer of Color Technics with respect to claims for contractual indemnification, must pay an equal portion of those attorney's fees and disbursements (*see Hawthorne v South Bronx Community Corp.*, 78 NY2d 433, 435; *National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund*, 222 AD2d 369, 372). The court erred in determining that a prior judgment (denominated order) granted in August 1998, which was affirmed by this Court (*Public Serv. Mut. Ins. Co. v ITT Hartford Group*, 267 AD2d 986, *lv denied* 94 NY2d 763), conclusively establishes that PSM is solely responsible for the attorney's fees and disbursements at issue here. That prior judgment, inter alia, declared that PSM is obligated to defend and indemnify Color Technics, but the issue whether Hartford must share in PSM's obligation to pay attorney's fees and disbursements was not before the court. We agree with PSM that the language in the contractual indemnification clause pursuant to which Color Technics agrees to indemnify and hold Higgins harmless "from and against all claims or suits" is broad enough to encompass the attorney's fees and disburse-

ments (*see Blair v County of Albany*, 127 AD2d 950), particularly in view of the fact that Color Technics is also obligated by the contract to defend Higgins. We therefore modify the order by directing PSM and Hartford to pay equally the attorney's fees and disbursements recoverable by defendants and third-party plaintiffs against Color Technics, plus interest. Present— Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.