GREGORY D. LIGHTLE et al., Respondents, v MITCHELL A. BECKER et al., Appellants, et al., Defendant. [794 NYS2d 415]—

In an action to recover a down payment on a contract for the sale of real property, the defendants Mitchell A. Becker and Denise R. Becker appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 8, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiffs (hereinafter the buyers) brought this action to recover the down payment on a contract to purchase a home. Under the terms of the contract, the closing was to occur on or about July 10, 2003, "but not later than 8/10/03." On August 10, 2003, the defendants Mitchell A. Becker and Denise R. Becker (hereinafter the sellers) could not tender marketable title due to the inability to obtain certificates of occupancy. The sellers noted that they could resolve both this issue and a dispute about two chandeliers, and awaited the buyers' response to determine a closing date. The buyers opted to cancel the

contract three days after the specified closing date, due to the failure of the sellers to close on the date specified in the contract. The sellers obtained the necessary certificates of occupancy. They presented title two weeks later, but the buyers did not appear to close title. The buyers commenced this action to recover the down payment, alleging that the sellers breached the contract because of their inability to render marketable title on the closing date specified within the contract. The sellers unsuccessfully moved for summary judgment and this appeal ensued.

The sellers established their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The contract for the sale of their home providing for a closing to take place on or about July 10, 2003, "but not later than 8/10/03," did not make time of the essence (*see DeCicco v Staehle*, 11 AD3d 425 [2004]; *Savitsky v Sukenik*, 240 AD2d 557 [1997]; *Exclusive Envelope Corp. v Tal-Spons Corp.*, 187 AD2d 556 [1992]). Contrary to the determination of the Supreme Court, in opposition to the summary judgment motion, the plaintiffs failed to raise a triable issue of fact that the parties intended the August 10, 2003, date as a "time is of the essence" closing date. Accordingly, the Supreme Court should have granted the motion for summary judgment. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.