■ MARY KAY STEAKIN, Individually and as Guardian Ad Litem of MICHAEL RECINE, Respondent-Appellant, v VOICE-STREAM WIRELESS CORPORATION et al., Appellants-Respondents, and CROSS STATE CONSTRUCTION, INC., Respondent-Appellant, et al., Defendants. CROSS STATE CONSTRUCTION CORP., Third-Party Plaintiff-Respondent, v ELECTRICAL COMMUNICATIONS SERVICES, INC., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [832 NYS2d 805]—Order, Supreme Court, New York County (Debra A. James, J.), entered May 1, 2006, which, inter alia, in an action for personal injuries under the Labor Law, denied motions for summary judgment on the issue of liability, and granted defendant contractor Cross State's motion for summary judgment on its claim for contractual indemnification against its subcontractor and plaintiff's employer, third-party defendant Electrical Communications Services, Inc. (ECS), unanimously modified, on the law, to make the grant of summary judgment in favor of Cross State and against ECS conditional, and otherwise affirmed, without costs.

Summary judgment was properly denied to all parties on the issue of liability, there being an issue of fact as to whether, inter alia, plaintiff's failure to use a furnished safety device was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). We modify as above indicated because the subject agreement, inter alia, limits Cross State's right to indemnification to ECS's proportionate fault for the accident, as to which issues of fact exist. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Buckley, Gonzalez and Malone, JJ.