■ STEVEN GARY, Respondent, v FLAIR BEVERAGE CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. JJ's ON BROADWAY BEER & SODA CORP., Third-Party Defendant-Respondent. [875 NYS2d 4]—

Orders, Supreme Court, Bronx County (John A. Barone, J.), entered June 23 and September 30, 2008, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, and dismissed the third-party complaint, unanimously modified, on the law, defendants' motion granted to the extent of dismissing the complaint as against defendant Flair Beverage and the claims based on common-law negligence and Labor Law § 200 as against defendant 3835 9th Avenue Realty, third-party defendant's cross motion denied with respect to the third-party claim of 3835, 3835's motion for summary judgment against third-party defendant on the third-party claim for breach of contract to procure insurance and conditional summary judgment for contractual indemnification granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

With regard to the Labor Law § 200 and common-law negligence claims, plaintiff failed to raise an issue of fact as to whether defendants supervised, directed or controlled the work performed, or had actual or constructive notice of a dangerous condition at the work site (see Mitchell v New York Univ., 12 AD3d 200 [2004]). Indeed, plaintiff's failure to address this issue in its responding brief indicates an intention to abandon this basis of liability (see e.g. Brown v Christopher St. Owners Corp., 2 AD3d 172, 173 [2003], lv dismissed 1 NY3d 622 [2004]).

With regard to the claims under Labor Law § 240 (1) and

§ 241 (6), there is no evidence that Flair, a tenant in the building where the alleged accident occurred, contracted for or otherwise had the right or the authority to control plaintiff's work (*see Guzman v L.M.P. Realty Corp.*, 262 AD2d 99 [1999]). Contrary to plaintiff's contention, defendants preserved their argument that plaintiff was not engaged in an activity protected by section 240 (1). In any event, the court properly denied that branch of defendants' motion for summary judgment dismissing plaintiff's section 240 (1) claim as against 3835, the owner of the building, since an issue of fact existed as to whether plaintiff was doing more than merely changing a light bulb, and thus was doing "repair" work within the meaning of the statute (*see e.g. Clemente v Grow Tunneling Corp.*, 235 AD2d 331 [1997]).

The IAS court properly denied that branch of defendants' motion for summary judgment dismissing the section 241 (6) claim as against 3835 since an issue of fact exists as to whether plaintiff was engaged in repair work within the meaning of 12 NYCRR 23-1.4 (b) (13), and was thus protected under section 241 (6) (*see e.g. Piccione v 1165 Park Ave.*, 258 AD2d 357, 358 [1999], *lv dismissed* 93 NY2d 957 [1999]).

Contrary to third-party defendant's contention, defendants may appeal from the order granting the cross motion for summary dismissal of the third-party complaint. While no appeal lies from an order granted upon the default of an aggrieved party (CPLR 5511; *Flake v Van Wagenen*, 54 NY 25 [1873]), here the court did not grant the third-party defendant's cross motion on default. Although defendants failed to preserve their arguments with respect to 3835's contractual indemnification claim (*see e.g. Omansky v Whitacre*, 55 AD3d 373, 374 [2008]), this Court can review them nonetheless because they are legal in nature and apparent on the face of the record (*Gerdowsky v Crain's N.Y. Bus.*, 188 AD2d 93, 97 [1993]), particularly since both parties sought judgment as a matter of law on this claim.

3835's third-party claim for contractual indemnification was improperly dismissed as barred by Workers' Compensation Law § 11. Because it is undisputed that the parties entered into the lease containing the indemnification provision prior to the date of plaintiff's accident, section 11 presents no obstacle to indemnification (*see e.g. Portelli v Trump Empire State Partners*, 12 AD3d 280, 281 [2004]; *see also Acosta v Green Mgt. Corp.*, 267 AD2d 67, 68 [1999]). Nor is the claim barred by General Obligations Law §§ 5-321 and 5-322.1. Where, as here, a commercial lease negotiated between sophisticated business entities contains an insurance provision allocating the risk of liability to a third party, the indemnification clause is valid and enforceable

and does not violate the General Obligations Law (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412 [2006]; *see also Mennis v Commet 380, Inc.*, 54 AD3d 641, 642 [2008]). Nor is "the absence of a contractual provision expressly limiting [3835's] recovery to [JJ's] insurance coverage fatal" (*Great N. Ins. Co.*, 7 NY3d at 419 n 4). Since the indemnification provision plainly contemplates a showing of negligence by third-party defendant, and there are issues of fact as to that negligence, 3835 is entitled to conditional summary judgment on its contractual indemnification claim (*see e.g. McCarthy v Turner Constr., Inc.*, 52 AD3d 333 [2008]; *Steakin v Voicestream Wireless Corp.*, 39 AD3d 424 [2007]). 3835 is also entitled to counsel fees and costs pursuant to the broad language of the indemnification clause (*see Breed, Abbott & Morgan v Hulko*, 139 AD2d 71, 75-76 [1988], *affd* 74 NY2d 686 [1989]; *Boshnakov v Board of Educ. of Town of Eden*, 302 AD2d 857 [2003]).

3835's third-party claim for breach of contract for failure to procure insurance was improperly dismissed. Since third-party defendant does not address this issue in its brief and does not dispute that it failed to procure the requisite insurance, 3835 is entitled to summary judgment on that claim (*see Crespo v Triad, Inc.*, 294 AD2d 145, 148 [2002]). Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.