■ KENNETH CARTALEMI et al., Appellants, v ROBERT GARONE, Respondent. [918 NYS2d 211]—

This action involves a written, 10-year option to purchase an interest in certain real property, which was executed on February 14, 1997. The defendant is the party entitled to exercise the option and Stanley Morabito, a nonparty, is the individual who offered the option. Along with the option, the defendant and Morabito also executed a contract of sale for the subject property. The contract of sale and the option were not assignable. In order to exercise the option, as pertinent here, the defendant was required to send notice to Morabito at a certain address. The contract of sale provided that the closing of title should occur within 45 days of such notice, but, in any event, no later than February 15, 2008.

By letter dated March 21, 2002, sent to Morabito, the defendant sought to exercise the option and schedule a closing. Thereafter, by letter dated November 15, 2002, the defendant provided Morabito with unequivocal notice that he was setting a closing date of December 3, 2002, where time was of the essence, and that Morabito's failure to comply would be considered a default. Morabito failed to appear at the closing scheduled for December 3, 2002. In October 2003 Morabito sold his interest in the subject property to the plaintiff Kenneth Cartalemi, who, in turn, conveyed that interest to the plaintiff Kenneth J. Cartalemi, LLC.

In October 2008 the plaintiffs commenced this action against the defendant for a judgment declaring the rights of the parties to the subject property. In the first cause of action, the plaintiffs sought a declaration that the defendant's rights in the option

were time-barred because the defendant had exercised the option in March 2002, and the six-year statute of limitations period (*see* CPLR 213 [2]) had expired in May 2008. In the fifth cause of action, the plaintiffs sought a declaration that the option was not valid and enforceable against them because the option was not assignable. In his counterclaims, the defendant sought, inter alia, specific performance of the contract of sale. The Supreme Court denied the plaintiffs' motion for summary judgment on the first and fifth causes of action and dismissing the counterclaims and, upon searching the record, awarded summary judgment to the defendant on the first and fifth causes of action declaring that the defendant's rights in the option were not time-barred and that the option and the contract of sale were valid and enforceable against the plaintiffs. We affirm.

In support of their motion, the plaintiffs failed to establish, prima facie, that the defendant's counterclaims were untimely. Contrary to the plaintiffs' contentions, the defendant's March 21, 2002, attempt to close title, coupled with the contract of sale, providing for a closing to take place within 45 days of the exercise of the option, "but not later than February 15, 2008," did not necessitate that time was to be of the essence (*see Lightle v Becker*, 18 AD3d 449, 450 [2005]). Rather, the plaintiffs' submissions demonstrated that the defendant's counterclaims accrued no earlier than December 3, 2002, when Morabito failed to appear at the time of the essence closing (*see Martin v Burns*, 77 AD3d 633, 634 [2010]; *Zullo v Varley*, 57 AD3d 536, 537 [2008]). As the plaintiffs commenced this action in October 2008, and the defendant asserted his counterclaims on November 14, 2008, the counterclaims were timely. In addition, the plaintiffs failed to submit evidence establishing that the option had been assigned or that the option was not valid and enforceable against them.

The specific issues of whether the defendant's rights in the option were time-barred and whether the option and the contract of sale were enforceable against the plaintiffs were raised in the plaintiffs' motion (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). The evidence before the Supreme Court was sufficient to demonstrate, as a matter of law, that the defendant's rights in the option were not time-barred and that the option and the contract of sale were enforceable against the plaintiffs (*see* CPLR 213 [2]; Real Property Law § 294 [4] [a]). Thus, the Supreme Court properly searched the record and awarded summary judgment to the defendant on the first and fifth causes of action declaring that the defendant's rights in the option were not time-barred and that the option and the contract of sale were valid and enforceable against the plaintiffs.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of an interlocutory judgment declaring that the option to purchase an interest in real property was not time-barred and that·the option was valid and enforceable against the plaintiffs (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.