■ FRANK RUBIANO, Appellant, v JOSEPH KELLY et al., Respondents. [26 NYS3d 106]—

In an action to recover the down payment on a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), dated June 25, 2014, as denied that

branch of the defendants' motion which was for an award of an attorney's fee to the defendant Victoria Kaplan, with leave to "re-file," and denied those branches of his motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Kelly, pursuant to CPLR 3211 (a) (5) to dismiss the defendants' counterclaims, and pursuant to CPLR 3211 (b) to dismiss the defendants' first and third affirmative defenses.

Ordered that the appeal from so much of the order as denied that branch of the defendants' motion which was for an award of an attorney's fee to the defendant Victoria Kaplan, with leave to "re-file," is dismissed, as the appellant is not aggrieved by that portion of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that, upon searching the record, summary judgment is awarded to the defendant Joseph Kelly dismissing the complaint insofar as asserted against him; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In February 2013, the plaintiff entered into a contract to purchase a parcel of real property from the defendant Joseph Kelly. The plaintiff and Kelly never closed on the contract, and in June of 2013 the plaintiff commenced this action to recover his down payment against Kelly and his attorney, Victoria Kaplan. The defendants moved, inter alia, for an award of an attorney's fee to Kaplan, and the plaintiff cross-moved, among other things, for summary judgment on the complaint insofar as asserted against Kelly, pursuant to CPLR 3211 (a) (5) to dismiss the defendants' counterclaims, and pursuant to CPLR 3211 (b) to dismiss the defendants' first and third affirmative defenses. The Supreme Court denied the branch of the defendants' motion which was for an award of an attorney's fee to Kaplan, with leave to "re-file," and denied the relevant branches of the plaintiff's cross motion. The plaintiff appeals.

The appeal from so much of the order as denied, with leave to "re-file," that branch of the defendants' motion which was for an award an of attorney's fee to Kaplan must be dismissed, as the plaintiff is not aggrieved by that portion of the order (see e.g. Pepin v Jani, 101 AD3d 694, 694 [2012]; Mortgage Elec. Registration Sys., Inc. v McDuffie, 33 AD3d 893, 894 [2006]; Bird v Bird, 111 AD2d 204, 204-205 [1985]; Samuels v Ames Realty Corp., 79 AD2d 651, 651 [1980]).

Contrary to the plaintiff's contention, a 1994 Nassau County Surrogate's Court decree of guardianship regarding Kelly does

not warrant judgment as a matter of law in his favor on the theory that Kelly lacked mental capacity in 2013 to enter into the subject contract of sale (*cf.* Real Property Law § 11). Indeed, a subsequent 2011 Queens County Supreme Court order and judgment terminated a conservatorship over Kelly's property and expressly declared Kelly "to be fully able to care for his personal needs and property." Moreover, in an order dated May 14, 2013, the Nassau County Surrogate discharged the guardian whom it had previously appointed for Kelly in 1994, noting that Kelly had graduated from college in 2011, and that his doctor affirmed that Kelly was capable of handling his own affairs. Accordingly, the 1994 decree of guardianship was effectively superseded by these subsequent determinations (*see Carter v Beckwith*, 128 NY 312, 316 [1891]; *see also Quarterman v Quarterman*, 179 Misc 759 [Sup Ct, NY County 1943]).

Similarly unavailing is the plaintiff's contention that he is entitled to summary judgment because title did not close on or before May 16, 2013. The language in the rider to the parties' contract upon which the plaintiff relies does not constitute a "time of the essence" clause (*see e.g. ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 489 [2006]; *Lightle v Becker*, 18 AD3d 449 [2005]; *Savitsky v Sukenik*, 240 AD2d 557 [1997]; *Whitney v Perry*, 208 AD2d 1025 [1994]; *Exclusive Envelope Corp. v TalSpons Corp.*, 187 AD2d 556 [1992]; *Leading Bldg. Corp. v Segrete*, 60 AD2d 907, 907 [1978]), nor is it applicable to this matter given the plaintiff's unconditional repudiation of the contract.

Furthermore, the plaintiff also failed to demonstrate his prima facie entitlement to judgment as a matter of law with respect to his cause of action seeking the imposition of sanctions, inter alia, against Kelly for frivolous conduct. Rather, the evidence in the record establishes that this cause of action is patently devoid of merit.

This Court has the authority to search the record and award summary judgment to a nonmoving party with respect to issues that were the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Arista Real Estate Holdings, Inc. v Kemalettin*, 133 AD3d 696 [2015]). Under the unique and compelling circumstances of this case, and given the wealth of evidence which demonstrates the absence of triable issues of fact as to the plaintiff's claims and supports judgment in favor of the defendant Kelly, we search the record and award summary judgment to the defendant Kelly dismissing the complaint insofar as asserted against him (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]).

We further find unpersuasive the plaintiff's argument that the Supreme Court should have granted that branch of his motion which was to dismiss the first counterclaim by Kaplan to recover an attorney's fee, since the parties' contract contains an indemnification provision which expressly includes reasonable attorneys' fees. A hold harmless agreement that encompasses the indemnitee's reasonable attorneys' fees is enforceable (*see e.g. Breed, Abbott & Morgan v Hulko*, 74 NY2d 686 [1989], *affg* 139 AD2d 71, 74 [1988]; *Lori-Kay Golf v Lassner*, 61 NY2d 722, 724 [1984]; *Canela v TLH 140 Perry St., LLC*, 47 AD3d 743, 744 [2008]; *Boshnakov v Board of Educ. of Town of Eden*, 302 AD2d 857, 858-859 [2003]; *American Motorists Ins. Co. v Trans Intl. Corp.*, 265 AD2d 280, 281 [1999]; *DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 270-271 [1994]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.