**Wilson v J.P. Morgan Chase Bank NA**

2026 NY Slip Op 30783(U)

February 25, 2026

Supreme Court, New York County

Docket Number: Index No. 150017/2022

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. VERNA L. SAUNDERS, JSC**     PART    **36**

*Justice*

-----------------------------------------------------------------X

PAUL J. WILSON,

                  Plaintiff,

- v -

J.P. MORGAN CHASE BANK NA, and TISHMAN
CONSTRUCTION CORP,

                  Defendant(s).

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150017/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER
ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for          **SUMMARY JUDGMENT**        .

      Plaintiff PAUL J. WILSON commenced this action by filing a summons and verified complaint against defendants JP MORGAN CHASE BANK, N.A. and TISHMAN CONSTRUCTION CORP. on December 30, 2021. (See NYSCEF Doc. No. 1).[1] Plaintiff alleges that while he was performing construction work at 270 Park Avenue New York, NY 10172, he was severely injured as a result of defendants' negligence. (*id* at ¶¶ 4-5). Plaintiff also alleged claims pursuant to New York State Labor Law §§ 200, 240 and 241(6). (*id* at ¶¶ 17, 18-32).

      Defendants joined issue by service of their answer on July 7, 2022 (See NYSCEF DOC. NO. 2).

      Plaintiff now moves the court, pursuant to CPLR 3212, for an order granting summary judgment on the issues of liability against defendants under New York State Labor Law §§240(1) and 241(6).

      In support of his motion for summary judgment, plaintiff submits deposition testimony taken on March 22, 2024. (See NYSCEF Doc. No. 32). As relevant to this motion, plaintiff testified that his accident occurred on August 17, 2020, while working as a laborer for Civetta & Sons at 270 Park Avenue, New York, NY. (*id* at pgs 17, 19). Plaintiff's alleged accident occurred approximately five stories below street level in a mostly enclosed area. (*id* at pg 18). Plaintiff described the project as a simultaneous demolition and rebuild whereupon the entire building at the subject location was being demolished as building was occurring. (*id* at pg 18-19).

---

[1] Plaintiff's verified complaint also identifies an individual named Jose Naranjo, whereby "[p]laintiff, Jose Naranjo, demands judgment against the [d]efendants" however no such individual is listed in any other pleading as a party. (See NYSCEF Doc. No. 1 at pg 6).

150017/2022   WILSON, PAUL J vs. J.P. MORGAN CHASE BANK NA ET AL         Page 1 of 7
Motion No. 001

1 of 7

Plaintiff testified that on the day of his accident, he was instructed to assist a crew of workers who were "informed by the foreman to remove approximately hundred-pound pieces of drilling platform from a nine-foot [deep] trench." (*id* pg 26). When plaintiff first arrived at the trench area, the laborers were separating the wood and manually lifting and removing it out of the trench by hand. (*id* at pg 30). Plaintiff testified that while these pieces of wood were "almost always picked out by the cherry picker", he was notified the cherry picker was not available on the date of his accident. (*id* at pg 30). According to plaintiff, the cherry picker was Civetta's. (*id* at pg 30).

Plaintiff was then asked the following:

> Q: If you can just in your own words describe how the incident happened?
> A: Okay. I saw workers removing 100 pound pieces approximately from the pit that the foreman instructed them to do so. I was assisting and helping them lift the pieces out of the pit that the foreman instructed them to do so. I was assisting and helping them lift the pieces out of the pit. One of the pieces fell back into the hole and struck me on the arm, upper shoulder, right shoulder (indicating). There was no backhoe or cherry picker to pick those things out. We should have been provided with guardrails but there was none there.
> …..
> Q: The piece that fell back and struck you, you are saying that was approximately a 100 pounds?
> A: Approximately.
> Q: And it was a piece of wood?
> A: Yes. It was one of the platform blocks of wood used to assemble the platform."

(*id* at pg 36-37).

He confirmed that the workers would manually lift the pieces out of the nine (9) foot pit and would push them out. (*id* at 38). When asked if any part of the lumber hung over the edge of the trench, plaintiff stated "[a] few inches, if any." (*id* at 40-41). However, when asked "[t]hat particular piece, did you yourself lift it out of the pit or assist one of the other workers lifting out of the pit?" plaintiff answered, "I don't know." (*id* at pg 37-38).

It is well-settled that "[t]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986], citing *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once the movant has made a *prima facie* showing, the burden shifts to the opposing party to "present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact" (*Casper v Cushman & Wakefield*, 74 AD3d 669, 669 [1st Dept 2010], *lv dismissed* 16 NY3d 766 [2011] [internal quotation marks and citation omitted]).

**150017/2022  WILSON, PAUL J vs. J.P. MORGAN CHASE BANK NA ET AL**
Motion No. 001

Page 2 of 7

The court's function on summary judgment is "issue-finding rather than issue-determination" (*Mayo v Santis*, 74 AD3d 470, 471 [1st Dept 2010]). In deciding the motion, "the court should draw all reasonable inferences in favor of the nonmoving party" and deny summary judgment if there is any doubt as to the existence of a material issue of fact (*Assaf v Ropog Cab Corp.*, 153 AD2d 520, 521 [1st Dept 1989] [citations omitted]). "'[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient'" to defeat a motion for summary judgment (*Siegel v City of New York*, 86 AD3d 452, 455 [1st Dept 2011], quoting *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Furthermore, since summary judgment is a drastic remedy, it should never be granted when there is any doubt as to the existence of a triable issue of fact (see *Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). When the existence is even arguable or debatable, summary judgment should be denied (see *Stone v Goodson*, 8 NY2d 8, 12 [1960]).

Plaintiff first seeks an order granting summary judgment pursuant to Labor Law § 240(1). (See NYSCEF Doc. No. 42 at ¶¶ 4-26). Labor Law § 240(1), often referred to as the "scaffold law," states:

> "All contractors and owners and their agents, except owners of one and two-family dwelling who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The purpose of Labor Law § 240(1) is to protect workers "from the pronounced risks arising from construction work site elevation differentials" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). It imposes absolute liability on building owners and contractors whose failure to "'provide proper protection to workers employed on a construction site' proximately causes injury to a worker" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 3 [2011], quoting *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490 [1995]). "Negligence, if any, of the injured worker is of no consequence" (*Bland v Manocherian*, 66 NY2d 452, 459-461 [1985]).

Labor Law § 240(1) generally applies to accidents and injuries that directly flow from the application of the force of gravity to an object or to the injured worker performing a protected task (see *Gasques v State of NY*, 15 NY3d 869, 869 [2010]). Thus, Labor Law § 240(1) "is to be construed as liberally as may be for the accomplishment of the purpose for which it was…framed" (*Stoneham v Joseph Barsuk, Inc*, 41 NY3d 217, 222 [2023] quoting *Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 101 [2015]). However, Labor Law § 240(1) does not apply to "any perils that may be connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro. Elec. Co.*, 81 NY2d 501, 501 [1993]). Labor Law § 240(1) was designed to protect workers against "special hazards," and such hazards "are limited to gravity-related accidents as falling from a height or being struck by a falling object that was improperly

150017/2022 WILSON, PAUL J vs. J.P. MORGAN CHASE BANK NA ET AL
Motion No. 001

Page 3 of 7

3 of 7

secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993], citing *DaHaen v Rockwood Sprinkler Co.*, 258 NY2 350, 350 [1932]). The Court of Appeals has stated that "Labor Law 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501).

To prevail on a motion under Labor Law § 240(1), a plaintiff must essentially demonstrate that, at the time the object fell, it either was being "hoisted or secured" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]) or "required securing for the purposes of the undertaking" (*Outar v City of NY*, 5 NY3d 731, 732 [2005]).

Plaintiff argues that defendants "should have provided [p]laintiff and his co-workers with a backhoe or cherry picker to remove banded pieces of wood out of the pit and safely place them away from the edge of the pit." (See NYSCEF Doc. No. 42 at ¶ 2). Plaintiff further alleges that defendants' "failure to install a toeboard or similar safety equipment to prevent items from falling into the pit also proximately caused [p]laintiff's injury and constitutes a Labor Law § 240(1) violation." (See NYSCEF Doc. No. 42 ¶ 24). He adds that "the failure to provide [p]laintiff and his coworkers with the proper hoisting equipment and failure to provide overhead protection to the workers below constitutes a per se violation of 240(1) of the Labor Law." (*id* at ¶ 26).

Here, plaintiff has failed to establish that the absence of a cherry picker constituted a violation of Labor Law § 240(1). There is no evidence that the piece of lumber that struck plaintiff was being "hoisted or secured" at the time of the accident, nor that it required securing within the meaning of the statute (see *Outar v City of NY*, 5 NY3d 731, 732 [2005]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Rather, plaintiff testified that the lumber was being manually lifted and pushed out of the trench. Plaintiff further testified that he did not know whether he or a co-worker lifted the specific piece that ultimately fell and struck him. (*See* NYSCEF Doc. No. 32 at pg 37-38). Nor could he identify the manner in which it fell. In the absence of evidence that the object was being hoisted or required securing, plaintiff has failed to demonstrate that a statutory safety device, namely a cherry picker, was necessary. As such, plaintiff's assertion that a cherry picker would have prevented his accident is speculative and insufficient to establish that the absence of an enumerated safety device proximately caused his injuries.

Plaintiff also fails to show that the absence of a toeboard constitutes a violation of Labor Law § 240(1) since courts have recognized that some proposed safety devices could be contrary and incompatible to the work being performed (*see Salazar v Novalex Contracting Corp.*, 18 NY3d 134, 140 [2011]). Here, plaintiff testified that he and his co-workers were removing and pushing lumber up and out of a nine-foot deep trench. (*See* NYSCEF Doc. No. 32 at pg 36-37). The primary objective was to extract the lumber from the pit. As such, plaintiff has failed to demonstrate that the installation of a toeboard along the trench edge would have been feasible or compatible with the task, or that such a device would have prevented the subject accident. In the absence of such proof, plaintiff has not established, *prima facie*, that a statutory safety device was required or that its absence proximately caused his injuries.

150017/2022 WILSON, PAUL J vs. J.P. MORGAN CHASE BANK NA ET AL    Page 4 of 7
Motion No. 001

4 of 7

As a final matter, there is no expert affidavit establishing that securing of the type contemplated by Labor Law § 240(1) would be required here, nor is there any testimony from an expert to support what securing might consist of, beyond common sense statements that contractors are generally required to secure their materials. At a minimum, triable issues of fact exist as to whether the lumber was being hoisted or required securing at the time of the accident, whether any enumerated safety device was necessary, and whether the absence of any such device proximately caused plaintiff's injury. Accordingly, plaintiff's motion for summary judgment pursuant to Labor Law § 240(1) is denied.

Plaintiff next seeks an order granting him summary judgment pursuant to Labor Law § 241(6) based on a violation of 12 NYCRR § 23-2.1(a)(2). (See NYSCEF Doc. No. 42 at ¶¶ 27-38).

As an initial matter, the court notes that 12 NYCRR § 23-2.1(a)(2) was not alleged in any of plaintiff's pleadings, including his bill of particulars or supplemental bill of particulars. (*See* NYSCEF Doc. No. 51). Nevertheless, plaintiff now seeks to amend his pleadings to allege a violation of 12 NYCRR § 23-2.1(a)(2).

Counsel for defendants points out that plaintiff's notice of motions fails to delineate any relief requested other than summary judgment, and only in plaintiff's memorandum of law and attorney affirmation is the entirety of the request for relief spelled out. (See NYSCEF Doc. No. 55 at pg 13-14).

Notwithstanding, that plaintiff's notice of motion does include the general language "for such other and further relief as the court may deem just and proper" which has been held sufficient to allow the court to address other and additional relief if the facts are apparent in the papers, there is sufficient proof, and the relief is "not too dramatically unlike the relief sought" (*HCE Assoc. v 3000 Watermill Lane Realty Corp*, 173 AD2d 774, 774 [2d Dept 1991] *citing Thompson v Erie Ry. Co.*, 45 NY 468 [1871]). Here, plaintiff's request to amend the bill of particulars to include 12 NYCRR § 23-2.1(a)(2) is sufficiently connected to the motion for summary judgment. As such, the court will consider plaintiff's requested relief.

The court notes that although plaintiff alleged in his bill of particulars that defendants violated Industrial Code sections 23-1.5(a); 23-1.5(c)(1); 23-1.5(c)(2); 23-1.5(c)(3); 23-1.6; 23-1.7(a); 23-1.7(b); 23-1.17; 23-2.1(b); and 23-2.5 (see NYSCEF Doc. No. 51), plaintiff only claims a violation of 12 NYCRR § 23-2.1(a)(2) in his motion. Thus, his "failure to address [the other code sections] indicates that [he] has abandoned them as bases for liability" (*Perez v Folio House, Inc.*, 123 AD3d 519, 520 [1st Dept 2014] *citing Gary v Flair Beverage Corp.*, 60 AD3d 413, 413 [1st Dept 2009])."

Labor Law § 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]).

To establish entitlement to summary judgment under Labor Law § 241(6), a plaintiff "must show that a specific Industrial Code regulation was violated and that the violation caused the complained-of injury" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012]). "The Code regulation must constitute a specific, positive command, not one that merely reiterated the common-law standard of negligence" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 271 [1st Dept 2007], *lv denied* 10 NY3d 710 [2008]).

Under Labor Law § 241(6), "an owner or general contractor 'is vicariously liable without regard to [their] fault,' and 'even in the absence of control or supervision of the worksite,' where a plaintiff establishes a violation of a specific and applicable Industrial Code regulation" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 318 [2024], quoting *Rizzuto* 91 NY2d at 348-350).

Thus, the branch of plaintiff's motion seeking to amend the pleadings to allege a violation of Labor Law § 241(6) based on a violation of 12 NYCRR § 23-2.1(a)(2) is granted.

12 NYCRR § 23-2.1(a)(2) provides as follows:

> "(a) Storage of material or equipment.
> (2) Material and equipment shall not be stored upon any floor,
> platform or scaffold in such quantity or of such weight as to exceed
> the safe carrying capacity of such floor, platform or scaffold.
> Material and equipment shall not be placed or stored so close to
> any edge of a floor, platform or scaffold as to endanger any person
> beneath such edge."

This section is sufficiently specific to act as a predicate for Labor Law § 241(6) liability (see *Sinera v Bedford-Webster LLC*, 187 AD3d 621, 621 [2d Dept 2020]).

Plaintiff alleges that defendants failed to properly store the lumber that was removed from the pit and "[a]s a result, the heavy lumber was left dangerously too close to the ledge as [p]laintiff worked below, where the falling lumber ultimately struck the unsuspecting plaintiff." (See NYSCEF Doc. No. 42 at ¶ 34).

In opposition, defendants argue that that plaintiff "has simply failed to establish that the lumber was stored too closely to the platform such that it would be entitled to summary judgment on this claim." (*See* NYSCEF Doc. No. 55 at pg 17). Defendants point to plaintiff's testimony where he was asked "[w]as any part of that piece of lumbar [sic] hanging over the edge of the trench?" to which he answered, "a few inches, if any." (*id* at pg 17-18).

Here, plaintiff's own testimony creates a question of fact as to whether the lumber was placed "so close to any edge of a floor…as to endanger any person beneath such an edge." (12 NYCRR § 23-2.1(a)(2)). The mere placement of materials near an edge does not establish a *per se* violation of 12 NYCRR § 23-2.1(a)(2) (see *Fontaine v Juniper Associates*, (67 AD3d 608, 609 [1st Dept 2009]). Plaintiff testified that he was disassembling and stacking the lumber outside the pit. (See NYSCEF Doc. No. 32). He explained that the primary goal was to remove the

lumber from the pit and place it in a designated area but clarified that as he was removing the lumber the "primary goal was to get them out of the pit." (See NYSCEF Doc. No. 32 at pg 39). Plaintiff also could not identify which piece of wood fell on him. These uncertainties create a triable issue of fact as to whether the lumber was positioned dangerously close to the edge, posing a risk to the plaintiff working below. Accordingly, the branch of plaintiff's motion seeking summary judgment pursuant to Labor Law § 241(6), predicated upon a violation of 12 NYCRR § 23-2.1(a)(2), is denied. Accordingly, it is

ORDERED, that the branch of plaintiff's motion, seeking an order granting summary judgment against defendants JP MORGAN CHASE BANK, N.A. and TISHMAN CONSTRUCTION CORP., pursuant to Labor Law § 240(1), is denied; and it is further

ORDERED, that the branch of plaintiff's motion, seeking to amend his pleadings to allege a violation of 12 NYCRR 23-2.1(a)(2) is hereby granted; and it is further

ORDERED, that the branch of plaintiff's motion, seeking an order granting summary judgment against defendants JP MORGAN CHASE BANK, N.A. and TISHMAN CONSTRUCTION CORP., pursuant to Labor Law § 241(6) predicated upon 12 NYCRR 23-2.1(a)(2), is denied; and it is further

ORDERED that reliance on Industrial Code sections 23-1.5(a); 23-1.5(c)(1); 23-1.5(c)(2); 23-1.5(c)(3); 23-1.6; 23-1.7(a); 23-1.7(b); 23-1.17, 23-2.1(b); and 23-2.5 are dismissed as abandoned; and it is further

ORDERED that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for defendants shall serve a copy of this decision and order, with notice of entry, on the plaintiff, as well as, the Clerk of the Court, who shall enter judgment accordingly; and it is further

ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

This constitutes the decision and order of the Court.

**February 25, 2026**

**HON. VERNA L. SAUNDERS, JSC**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

150017/2022 WILSON, PAUL J vs. J.P. MORGAN CHASE BANK NA ET AL Page 7 of 7
Motion No. 001

7 of 7